In re Estate of Charles R. Blackman, Deceased.   J.
   M. Rees, Administrator, Appellee.   Baxter, Reed
   & Co., Claimants, Appellants.

**Appeal:** former decision: law of the case.   The decision on a
former appeal, although announced by a divided court, constitutes
the law of the case, so far as the same or similar questions may
be involved in a subsequent appeal.

**Administration of estates:** recovery of assets: costs: attorney's
fees.   Attorney's fees incurred by an administrator in a suit to
set aside a chattel mortgage executed by the decedent, and to
recover as for conversion the value of goods sold under the mort-
gage, are properly chargeable against the property or money re-
covered.   And it is immaterial that the action was brought at the
solicitation of other creditors; or that the attorneys for the ad-
ministrator also represented interested creditors other than the
mortgagee, and had agreed to release the administrator from lia-

bility for services except as to such sum as the court might allow against the estate.

**Estates of decedents:** ALLOWANCE AND PAYMENT OF CLAIMS: BASIS
3 OF APPORTIONMENT. Where a creditor, holding a decedent's mortgage as security for his claim, was required at the suit of the administratrix to refund to the estate the proceeds of property sold on foreclosure of the mortgage, the amount of which had been credited on the statement of his claim filed against the estate, he became entitled to participate in the assets of the estate in proportion to the full amount of his claim, and not merely to the extent of the difference between the full amount and the sum received under the foreclosure.

**Same:** AMENDMENT OF CLAIM: EFFECT. An amendment or supple-
4 mental allegation correcting the amount due on a claim filed against an estate, is not the filing of a new claim, nor does it take it out of the list where its original filing placed it.

*Appeal from Ida District Court.*—HON. Z. A. CHURCH, Judge.

WEDNESDAY, APRIL 7, 1909.

REHEARING DENIED FRIDAY, SEPTEMBER 24, 1909.

THE opinion states the case. *Affirmed* in part, and *reversed* in part.

*Charles Sumner Macomber,* for appellants.

*Johnston Bros.* and *Hutchinson & Jacobs,* for appellee.

WEAVER, J.—Prior to April 12, 1901, Charles R. Blackman, a merchant doing business in Ida County, Iowa, became indebted to Baxter, Reed & Co. to the sum of about $5,000. This sum being unpaid, and Baxter, Reed & Co. pressing him for his payment or security, Blackman made to said creditor a chattel mortgage upon his

stock of goods, constituting substantially all of the property owned by him. This instrument was executed and delivered to the creditor's agent at about eleven o'clock on the night of the day above named. During that night, and before the mortgage was recorded, Blackman committed suicide. On the afternoon of the same day the mortgage was filed for record. On April 22, 1901, Anna Blackman, widow of the deceased, was appointed administratrix of his estate. Prior to this appointment Baxter, Reed & Co. took possession of the stock of goods and foreclosed their mortgage thereon, realizing from the sale the sum of $3,281.75, which the parties agree was their fair value. Soon afterwards, and within six months from date of the allowance of administration, Baxter, Reed & Co. filed their claim with the administratrix, showing the full amount of the indebtedness from Blackman at the time of his decease to be about $5,000, but stating the fact as to the subsequent foreclosure of their mortgage and of the amount realized therefrom, and that after allowing credit for such sum there remained an unpaid balance of $2,000. This claim was approved by the administratrix, and so reported to the district court. More than six months after her appointment, the administratrix, at the solicitation of other creditors of Blackman, brought suit against Baxter, Reed & Co. to recover as for conversion the value of the goods sold by them under their mortgage, the claim being made on the theory that the mortgage not being recorded and the mortgagees not being in possession before the death of the mortgagor, the instrument was void as against the administratrix in her representative capacity as trustee for the creditors. She recovered judgment in the district court, and on appeal to this court her recovery was affirmed. *Blackman v. Baxter,* 125 Iowa, 118.

After said action was instituted, and before its decision, Baxter, Reed & Co. made and filed a written application in the probate proceedings referring to the claim

previously filed by them as above noted, and stated that the credit therein given represented the proceeds of the mortgage sale, that the validity of that sale was being attacked in an action brought by the administratrix to compel them to pay over the money so received as assets of the estate, and asked that in case the demand of the administratrix should be sustained the credit given on their said claim be cancelled. After the recovery by the administratrix had been affirmed in this court, the application aforesaid was called up before the judge of the district court, who found that the credit on said account or claim represented money which the claimant had been adjudged to restore to the estate, and ordered that such credit be cancelled and the claim be allowed for the full principal sum. Later this order made in chambers was called up in open court, where the same was confirmed and the order reentered by the court. At a subsequent term the matter of said estate came on for hearing on the application of the administrator appointed to succeed the said Anna Blackman, for an allowance of attorney's fees incurred in behalf of the estate in the litigation in which it had been involved, and upon the application of Baxter, Reed & Co. for an apportionment of the funds in the hands of the administrator to the payment of their claim; and the court found and ordered that the administrator's claim for attorney's fees be allowed in the sum of $600. It also found that the remaining funds in the hands of the administrator after payment of costs were insufficient to discharge the claims filed within the first six months of administration, and that Baxter, Reed & Co. should be allowed to share therein only upon the basis of their claim as originally filed; that is, upon the basis of the difference between the debt owing these claimants and the sum which they realized from the foreclosure sale of the goods. From these orders Baxter, Reed & Co. have appealed.

We give first attention to the assignment of error

upon the allowance of attorney's fees.  It is proper at the outset to remind counsel that, while the decision of the former appeal was announced by a divided court, it nevertheless constitutes the law of the case so far as the same or similar questions are involved in the matter now before us, and we cannot properly reopen the discussion therein closed.

1. Appeal: former decision: law of the case.

If we understand appellants' contention, it is that while on the former appeal we decided that the mortgage sale was a wrongful conversion of the property as against other creditors, and that the administratrix as representative and trustee for the creditors could maintain an action to recover therefor, yet this holding does not imply that the part of the estate thus recovered can be subjected to payment of attorney's fees.  The argument is unsound.  Assuming, as we must in this hearing, the correctness of that decision, Baxter, Reed & Co. had in their hands a stock of goods, or its equivalent in money, which belonged to the estate of Blackman, and which the administratrix was entitled to recover.  In that situation it was her duty to bring the action to compel restitution. Failure or refusal to do so on her part would be good ground for her removal by the court.  If, then, as seems to be the case, the property or money thus recovered constituted all the estate of the deceased, it would be a most unreasonable and oppressive rule of law which would release the trust fund from the expense incurred in its recovery and cast the burden as a personal charge upon the administratrix.  The effect of our former holding was to take away from Baxter, Reed & Co. the preference or advantage which they believed themselves to have obtained by their mortgage and relegate them to the class of general creditors, and turn the property or money they obtained under said mortgage back into the estate, where it became a part of the common fund, in which all creditors of the

2. Administration of estates: recovery of assets: costs: attorney's fees

IN RE ESTATE OF BLACKMAN.    [143 Iowa

third class were entitled to a proportionate share. It needs no citation of authorities for the proposition that the costs and proper expenses of administration are a charge upon the estate prior to the claims of all creditors, save only those who may hold valid prior specific liens thereon. Nor should it require argument that attorney's fees in proper cases are legitimate expenses of administration. The settlement of this particular estate has been the subject of long and tedious litigation, with a result which legally demonstrates the propriety of bringing the suit; and it was proper that the expenses thus incurred, including the reasonable fees of the attorneys for the estate, should be paid, even though it results in a reduction of the dividend apportioned among the creditors.

It can make no difference with the application of this rule that the administrator was stimulated to bring the suit by other creditors who would be wholly shut out if the validity of the mortgage were conceded, for, assuming the invalidity of the mortgage, they were acting within their rights in so doing. Nor do we see that the fact, brought out in testimony, that the attorneys representing the administratrix were representing also the interested creditors, and agreed to release the administratrix from all liability for the value of their services except as to any sum which the court might thereafter allow against the estate on their account, constitutes any reason for disallowing the claim. The effect was not to release the estate from its proper burden on this account, but to assure the administratrix against any personal liability therefor.

II. We are of the opinion that, in fixing the basis upon which to compute Baxter, Reed & Co.'s share in the apportionment of the remnant of the estate to claims of the third class, the trial court erred in limiting them to the difference between the amount of Blackman's admitted indebtedness to them and the apparent

3. ESTATES OF DECEDENTS: allowance and payment of claims: basis of apportionment.

credit thereon arising from the foreclosure of the mortgage. The claim filed within the six-months period disclosed the full amount of the indebtedness, aggregating between $4,000 and $5,000, at the date of Blackman's death. True, in the same connection the claimants state that they have foreclosed their mortgage by sale of the property aggregating about the sum of $3,300, for which they give credit and ask for the allowance of the account thus stated. Had the administratrix or her successor and the creditors represented by such trustee seen fit to recognize the validity of the mortgage foreclosure, it would have been clearly right and equitable to restrict the claimants to an allowance of the remainder of their claim after deducting the proceeds of the foreclosure, and to their proportionate share in the remnant of the estate upon this basis. But this they did not do. They repudiated the mortgage, denied the validity of the foreclosure sale, and insisted successfully upon the return to the estate of every dollar acquired from said sale. In so doing they must be held to have withdrawn all claim to the benefit of the credit, which had existence only on the theory that the sale was valid. To hold otherwise is to say that appellees have finally solved the age-long problem of how to eat their cake and at the same time to keep it unimpaired for a second repast. The fact that appellants' claim as filed within the six months disclosed an apparent credit is under the circumstances not a controlling circumstance in favor of the administratrix or of the other creditors for whose benefit the litigation was instituted and prosecuted. It did show that when Blackman died his estate was indebted to Baxter, Reed & Co. in the full sum of near $5,000, and the fact of such indebtedness is not now denied, but, as was their duty in the premises, said claimants also showed that since his death they had sold certain property of the estate under their mortgage, realizing therefrom a stated sum, by which amount, assuming the validity of the mortgage, the debt would be re-

duced. If in the future course of the settlement of the estate it was found that said foreclosure was invalid and the sum realized therefrom was turned back into the estate for the benefit of the creditors generally, it had the effect to erase or invalidate the alleged credit and leave the claim standing for the admitted original indebtedness.

Nor do we see how the change made in the situation by the return of said money to the estate can operate to deprive Baxter, Reed & Co. of their rights as creditors of the third class to the full amount of their claim. There was no occasion for a refiling of such claim after the decision which invalidated the mortgage sale for which they desired to give credit. The identity of the claim was not destroyed. Their demand was upon the same promissory notes and overdraft described in their statement filed within the six-months period. The fact and nature of the indebtedness have at all times been fully disclosed, and the question of the alleged credit therein goes only to the amount which may be found due. If the prayer or demand for its allowance has mistakenly stated a sum less than the real amount due, its correction by subsequent amendment or supplemental allegation is not the filing of a new claim, nor does it take the claim out of the list where its original filing placed it. The principle here involved is quite analogous to that applied in *Wise v. Outtrim,* 139 Iowa, 192; *Cooper v. Mills Co.,* 69 Iowa, 350. We there held that where a claim has been filed against an estate, or an action has been begun to recover a sum alleged to be due within the time fixed by the statute, an amendment may be filed, after the limitation has expired, restating the claim or increasing the amount for which a recovery is sought.

It follows from the foregoing opinion that the judgment of the district court as to the taxation of attorney's fees in favor of the administrator is affirmed, and that its order fixing the basis upon which appellants shall share

4. SAME: amendment of claim: effect.

in the apportionment of the funds of the estate in the payment of claims of the third class must be reversed, and the cause will be remanded for the entry of an order for the distribution of the estate in harmony with the conclusions we have herein announced.

*Affirmed* in part; *reversed* in part.