**In the Matter of the Estate of Larry J. SENN, deceased.**

**Thomas J. CARPENDER, Appellant,**

v.

**The AMERICAN TRUST & SAVINGS BANK OF DUBUQUE, Iowa, Executor of the Estate of Larry J. Senn, Deceased, Appellee.**

**No. 64251.**

Supreme Court of Iowa.

Nov. 12, 1980.

Rehearing Denied Dec. 11, 1980.

Michael A. Stapleton of Klauer, Stapleton, Ernst, Gilloon & McCauley, Dubuque, for appellant.

Stephen J. Juergens of Fuerste, Carew, Coyle, Juergens & Sudmeier, Dubuque, for appellee.

Considered by LeGRAND, P. J., and UHLENHOPP, HARRIS, McCORMICK and McGIVERIN, JJ.

UHLENHOPP, Justice.

This appeal involves a question of whether the assets of an estate are sufficient to pay a claim which was allowed. The parties submit three main issues but we find no necessity to dwell at length on the first two of them; the third issue determines the case in any event.

Lawrence J. and Ruth M. Senn, spouses, had a number of children, several of whom were minors at the times in question. The Senns owned a home in joint tenancy. Lawrence procured two insurance policies on his life of $150,000 each. Ruth owned the policies. She subsequently executed an assignment and a policy change.

Thereafter the Senns' marriage was dissolved. On account of the children, the dissolution court decreed *inter alia* that the home should not be sold without the court's approval and upon sale the proceeds should be reinvested in another home, with this procedure continuing until the children were emancipated. Soon after the dissolution, the Senns sold the home with court approval. Lawrence was killed in an automobile accident before settlement of the home sale.

The probate court admitted Lawrence's will, and the executor undertook administration of the estate.

Claimant Thomas J. Carpender filed a claim against the estate, which was allowed in the sum of $6500 plus interest at 9% per annum from January 1, 1975. This claim is unpaid.

The sale of the Senn home was closed, netting $8,979.39. With court approval, half of that amount, or $4,489.70, was paid to a trustee for the benefit of Ruth and the minor children, and the other half was paid to Ruth.

The executor claimed the life insurance proceeds. Ruth challenged the validity of her assignment and policy change on grounds of duress and undue influence, and she too claimed the proceeds. A settlement was reached whereby the executor withdrew its claim to the proceeds, acquiescing in Ruth's claim to them, and Ruth agreed to establish an irrevocable trust for the children in the proceeds of one of the policies. The probate court on notice, including notice to claimant, approved the settlement, and no one appealed. The settlement included the following clause regarding the policy proceeds placed in trust:

In the event the assets of the estate are insufficient to pay federal and state death taxes, executor's fees, attorneys' fees, and court costs relating to the probate of the estate of Lawrence J. Senn, there shall be deducted from said policy an amount sufficient to pay the aforesaid items in full but deductions for any federal and state death taxes shall be limited to such taxes as may accrue because of the policies of insurance referred to herein. "Death taxes" is defined to mean federal estate tax and Iowa inheritance tax.

The Internal Revenue Service then entered the picture. It claimed that all of the life insurance proceeds were includable for federal estate tax purposes and that the Government was entitled to $72,650.65. The executor contested this claim and eventually settled it with court approval for $19,007.03, of which $6,148.72 was paid out of the estate.

The probate court allowed fees to the executor and its attorney in the total amount of $22,182.06. These fees remain charges against the estate.

The executor filed its final report reciting the facts we have related, and asked that the report be approved and the executor be discharged. Claimant filed several objections to the report. After hearing, the probate court overruled the objections as well as a subsequent motion for new trial. This appeal by claimant followed.

In his appeal claimant limits his objections to two issues: (1) the executor's joinder in placing $4,489.79 of the house proceeds in trust for Ruth and the minor children was unlawful because the marriage dissolution severed the joint tenancy of the home so that Lawrence died owning half of the proceeds, which constitute assets of the estate, and (2) the executor's payment of $6,148.72 on the estate tax was unlawful because the two life insurance policies were Ruth's property and no tax was due. With these two items in the estate, claimant contends sufficient funds would be available to satisfy his claim.

We do not decide whether claimant is right or wrong on the merits of his two issues because of a third issue, this one raised by the executor. Assuming solely for purposes of decision that claimant is right on his two issues, his problem is with priority of debts and charges. The legislative scheme for classification of claims is found in section 633.425 of the Iowa Probate Code. The fees allowed are charges of the second class, and claimant's claim is a debt of the eighth class. Section 633.426 of the Probate Code provides:

> Payment of debts and charges of the estate shall be made in the order provided in the preceding section, without preference of any claim over another of the same class. If the assets of the estate are insufficient to pay in full all the claims of a class, then such claims shall be paid on a pro rata basis, without preference between claims then due and those of the same class not due.

Even if $4,489.70 and $6,148.72 were added to the estate, those funds would be consumed by the fees of $22,182.06 allowed as part of the costs of administration, and claimant would receive nothing. *In re Estate of Blackman*, 143 Iowa 553, 558, 120 N.W. 664, 666 (1909).

We thus uphold the order of the probate court.

AFFIRMED.