[No. 9,445.   Department Two.— August 26, 1884.]

IN THE MATTER OF THE ESTATE OF DANIEL BRENNAN, DECEASED, BRIDGET BRENNAN, EXECUTRIX OF THE WILL OF THOMAS BRENNAN, DECEASED, PETITIONER AND RESPONDENT, *v.* HANNAH BRENNAN, EXECUTRIX OF THE WILL OF DANIEL BRENNAN, APPELLANT.

ADMINISTRATION—JUDGMENT—PRESENTATION OF CLAIM.—A party against whom a money judgment had been rendered, moved for a new trial, and died before the motion was determined. His executrix was substituted as defendant, and prosecuted the motion, and obtained an order modifying the judgment, but no new judgment was entered. *Held,* that the judgment as modified was a claim against the estate which should be paid in due course of administration, and that no presentation of the claim to the executrix was required.

APPEAL from a decree of the Superior Court of the county of San Joaquin, and from an order refusing a new trial.

Thomas Brennan obtained a judgment against Daniel Brennan for $1,538. Daniel moved for a new trial, but died before the decision of the motion. Hannah Brennan, the appellant,

was appointed executrix of his estate, and substituted as defendant. At the hearing of the motion an order was made modifying the judgment so as to make the amount $990, instead of $1,538. An entry was made of the order, and the figures were changed on the judgment roll, but no new judgment was entered. The respondent Bridget Brennan, as executrix of the estate of Thomas Brennan, deceased, filed a petition asking that Hannah Brennan, as executrix of the estate of Daniel, be directed to pay the amount of the judgment.

The other facts appear in the opinion of the court.

*Byers & Elliott*, for Appellant.

*Louttit & Lindley*, for Respondent.

THORNTON, J.—The judgment rendered at the instance of the moving party, the executrix of D. Brennan, deceased, was in legal effect a judgment against her. She had then been made a party. Her testator had then died. No valid judgment could have been entered against the testator after his death. The new judgment was one against the testatrix, to be paid in due course of administration.

It makes no difference that the judgment was not formally entered. The court can order it to be entered properly *nunc pro tunc*, there being enough in the record to amend by. In this view the filing of the certified copy of the original docket of the judgment among the papers of the estate of D. Brennan, deceased, in court, was sufficient. (Code Civ. Proc. § 1514.) This document was filed in the case as required by law. But conceding that the modified judgment was one against the testator, and that the order merely amounted to a reduction of the judgment against the testator, the testatrix, then, having been made a party to the cause, on the pendency of the motion for a new trial, the judgment was really presented to her. She appeared on the motion for a new trial, and succeeded in procuring a modification of the judgment, and a reduction of it by $547.59. She was a party to the action and took part in the litigation. The testator had fully defended the action; judgment had passed against him, he served notice of intention to move for a new trial, and then died. Before the hearing of this

motion his executrix had been made a party to the action, and she prosecuted the motion with the result above stated. The judgment was one which could only have been paid in due course of administration. No execution could have issued on it. No payment of it is pretended. We do not see, under thees circumstances, that any presentation of the judgment was required under section 1505 of the Code of Civil Procedure.

Judgment and order affirmed.

MYRICK, J., and SHARPSTEIN, J., concurred.