[No. 14577. Department One. — November 25, 1891.]

## JAMES WHARTENBY Respondent, *v.* JOSEPH W. REAY et al., Appellants.

Appeal — Dismissal — Failure to File Transcript — Death of Respondent — Authority of Attorney — Substitution of Executor. — Where the respondent dies pending an appeal, the attorney who acted as his attorney during his lifetime, and who also acts as attorney for his executors, is not deprived of authority to move to dismiss the appeal for failure of the appellant to file the transcript within proper time, because no order of substitution of the executors *pro forma* as respondents was made at the time of notice of the motion, or until the hearing of the motion.

Motion to dismiss an appeal. The facts are stated in the opinion of the court.

*George E. Lawrence,* for Appellants.

*A. N. Drown,* for Respondent.

The Court. — This is a motion to dismiss an appeal, upon the ground that no transcript of the record has been filed in this court.

It is conceded by appellant that the time allowed by law for filing the transcript expired long since, but he insists that the attorney who filed the moving papers has no authority to act in the matter.

The attorney in the lower court was A. N. Drown, and the motion to dismiss the appeal is signed by A. N. Drown, as attorney for plaintiff; but it appears by affidavit, that the plaintiff, Whartenby, died in the year 1890, and at the time this motion was noticed for hearing, the executors of deceased had not been substituted in this court as parties plaintiff.

At the time the notice of motion was given, executors of the estate of said deceased Whartenby had been appointed by the lower court, had qualified, and said Drown was acting as their attorney. When appointed, all rights and interests in this litigation vested in them; they were the real parties in interest, and the fact that the order of their substitution *pro forma* as plaintiffs had

not been made in this court at that time (and which was made upon the hearing of the motion) is not sufficient to deprive the executors' attorney of the authority to make the motion.

Let the appeal be dismissed.

Hearing in Bank denied.