[No. 13992. Department One. August 3, 1917.]

*In the Matter of the Estate of* B. F. RICHARDSON.

GLADIE M. LARSON, *Administratrix, Appellant*, v. ANDERSON STEAMBOAT COMPANY, *Respondent*.[1]

EXECUTORS AND ADMINISTRATORS—CLAIMS—PRESENTATION AND PAYMENT—JUDGMENTS. Under Rem. Code, § 1483, providing an orderly method for the presentation and payment of claims against estates, the same must be followed and claim presented for a judgment for costs, rendered against an administratrix in her action brought against the claimant.

APPEAL—ORDERS APPEALABLE—FINAL ORDERS. An order in probate, upon a citation to compel payment of judgment for costs, requiring the administratrix to pay the costs and providing, in case of default, that her letters "are hereby revoked," is a final order and appealable.

Appeal from an order of the superior court for King county, Dykeman, J., entered October 17, 1916, directing

[1]Reported in 166 Pac. 776.

the payment of a claim against the estate of a decedent, after a hearing before the court. Reversed.

*P. W. Willett* and *O. L. Willett,* for appellant.

*Byers & Byers,* for respondent.

MORRIS, J.—This proceeding is a side issue to *Larson v. Anderson, ante* p. 484, 166 Pac. 774. The Anderson Steamboat Company was made a defendant in that action but was dismissed from the case. It thereupon filed a cost bill, and its costs were subsequently taxed in the sum of $38.60. On April 29, 1916, the Anderson Steamboat Company filed a petition in the probate proceedings setting forth its claim for costs, that the same had not been paid, and praying for the issuance of a citation to the administratrix to show cause why an order should not be entered requiring payment of these costs. Citation was issued, and on the return day the administratrix appeared and made a showing that she was not in possession of funds of the estate out of which these costs could be paid. The matter was continued until October 16, when the administratrix made a further showing of no funds and no property in the estate within the jurisdiction of the court, other than the chose in action then being prosecuted against J. L. Anderson. Respondent then filed an affidavit of his counsel setting forth that appellant was not the general administratrix of the estate of B. F. Richardson; that such administratrix was Sarah M. Richardson; that said estate was solvent and possessed of sufficient funds to pay respondent's claim. The facts are that B. F. Richardson died in the state of Indiana, where his wife was appointed administratrix of his estate. Subsequently appellant here was appointed administratrix with the will annexed for the purpose of prosecuting the action of Larson, Administratrix, v. Anderson. The inventory shows the only property of the estate listed by the administratrix is "a chose in action against the Anderson Steamboat Company, a corporation, and J. L. Anderson for damages for conver-

sion." This proceeding came on for hearing on October 17, when the lower court made and entered an order directing the appellant to pay the Anderson Steamboat Company its costs as taxed, "and in the event that the said administratrix fails and neglects or refuses to pay said sum on or before 5 o'clock p. m. of October 17, 1916, that her letters of administration be and the same hereby are revoked, cancelled and set aside." From this order, the appeal is taken.

Our probate practice affords an orderly method for the presentation and payment of claims against estates, even though, as here contended, the claim presented is in the form of a judgment against the administratrix. Rem. Code, § 1483. Respondent argues that a different rule should apply where the court has taxed costs against the administratrix and thus in effect judicially determined the status of the matter. The answer is that the statute affords but one method and that method must be followed.

It is further contended that the order appealed from was not a final order and hence not appealable. A final order is one that disposes of the controversy. The controversy here as made by respondent's petition was "why an order should not issue requiring her [appellant] to pay the judgment of your petitioner instanter." The order appealed from ordered appellant to pay these costs to respondent on or before five o'clock, and if not so paid, her letters of administration "are hereby revoked, cancelled and set aside." Such an order was the determination of the only controversy before the court and was a final and appealable order.

Judgment reversed.

ELLIS, C. J., MAIN, and CHADWICK, JJ., concur.