(No. 11743.—Decree affirmed.)

· THOMAS H. LANG, Appellant, *vs.* WILLIAM C. LANG *et al.*
Appellees.

*Opinion filed June 20, 1918.*

1. DEEDS—*existence of fiduciary relation, alone, will not avoid conveyance.* The existence of a fiduciary relation does not avoid a conveyance unless by reason of the relation an undue advantage is taken of the grantor; and a court of equity will not be warranted in setting aside such a conveyance where there is not only no evidence on the part of the complainant tending to show undue · advantage, but positive evidence on the part of the defendant that the conveyance was made without his advice or suggestion.

2. SAME—*equity will not set aside deed where parties are in pari delicto.* Where one conveys his interest in land to his recent guardian without consideration and for the express purpose of putting such interest beyond the reach of a judgment in an anticipated action, and the grantee, though not advising the conveyance, accepts it with full knowledge of its purpose, both parties are *in pari delicto* and the deed will not be set aside in equity.

FARMER and CARTER, JJ., dissenting.

APPEAL from the Circuit Court of Wayne county; the
Hon. J. C. EAGLETON, Judge, presiding.

RICHARD L. BOGGS, (CARROLL C. BOGGS, of counsel,)
for appellant.

CREIGHTON & THOMAS, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

Thomas H. Lang filed his bill in the circuit court of
Wayne county for the partition of certain real estate in the
city of Fairfield which had been owned by Minnie Lang
and was devised by her to her three sons, the complainant,
Charles Lang and William C. Lang, equally. Charles Lang
and William C. Lang answered the bill, admitting its averments but denying that the complainant had any interest in
the property, for the reason, as the answer alleged, that he

had conveyed his interest to William C. Lang. Thereupon the complainant amended his bill, alleging as to the conveyance to William C. Lang that he had no recollection of executing the alleged deed; that no such deed had been placed on record or shown to him; that he was born on April 9, 1881, and his father died about April 14, 1888; that his mother, Minnie Lang, was his guardian until her death, about January 1, 1898, when he was left in charge of his elder brother, the defendant William C. Lang; that the family, consisting of Mrs. Lang and her three sons, lived in the property, occupying it together as a homestead, and since her death the three brothers have resided in such property as their home, each being regarded and treated as owning an undivided one-third interest in it; that William C. Lang, being the older brother, became substantially the head of the family on the death of the mother and maintained toward the complainant the relation of parent, protector and adviser. He was appointed executor of his mother's will and the guardian of the complainant, and the complainant, while he was the ward of William C. Lang and living in the same family with him, and for some years after he became of age, deferred to him in all matters and looked to him as his adviser and protector and as standing to him in the place of his deceased parents. The complainant relied implicitly on the advice, direction and control of William C. Lang, and if he executed any deed to the property it was while he was under the influence of his brother, because of his regard for his brother as his nearest relative, natural protector and adviser. The amended bill neither admits nor denies the execution of the deed but states that no consideration existed for it; that since its alleged execution the complainant and William C. Lang have continued to live on the premises, always being regarded as equal owners thereof; that William C. Lang has never asserted any rights under the deed or claimed that he had such deed or denied that the complainant was a full, equal owner with

him; that since the death of his mother Charles Lang and
the complainant have married and together with their wives
now live in the premises, and that since the death of their
mother the premises have been in the possession of the three
brothers as equal owners, no one of them ever questioning
the complainant's equal ownership therein. The amended
bill prays for cancellation of the deed and a partition of
the premises. The answer of William C. Lang and Charles
Lang, among other things, alleges that after the complain-
ant became of age, and after the discharge of William C.
Lang, his guardian, the complainant, without the advice,
knowledge or request of William C. Lang, conveyed all his
interest in the premises to William C. Lang, who since the
delivery of the deed has paid all taxes assessed against the
complainant's interest in the premises, and that the deed
was made voluntarily by the complainant for the purpose of
placing his property so that the same could not be reached
by legal process to satisfy any debt, judgment or demand
that might be made against complainant by George Berg.
There was a hearing by the court and a decree was ren-
dered dismissing the bill for want of equity, from which
the complainant has appealed.

The appellant admits that the evidence was sufficient to
justify the belief that the deed was made to avoid the pos-
sible risk of a suit which George Berg might bring against
the appellant for assault and battery, and concedes the gen-
eral rule that the law will not relieve the grantor in a con-
veyance of real estate made to defraud creditors. The ap-
peal is based upon the ground that the case is within the
exception which excludes the application of the rule if the
parties to the conveyance are not *in pari delicto.* To show
that the appellant and William C. Lang were not *in pari
delicto* the appellant relies upon the relation of trust and
confidence existing between himself and his brother, their
intimate personal and business relations and the superiority
which the brother had over the appellant. There is no

doubt about the rule of law that where a conveyance of real estate for the purpose of defrauding creditors is induced by the advice of the grantee, who holds a relation of trust and confidence to the grantor, a court of equity will give relief to the grantor notwithstanding the fraud, (*Herrick* v. *Lynch,* 150 Ill. 283,) and that the existence of the fiduciary relation imposes upon the grantee the burden of showing that improper influence was not used by the person in whom the trust was reposed for the purpose of procuring the conveyance.

Only three witnesses testified in this case: the appellant, the appellee William C. Lang, and the lawyer who wrote the deed. The deed was executed October 16, 1902, soon after the appellant had attained his majority and soon after the settlement in the county court by William C. Lang as his guardian. The evidence as to the possession of the property after the mother's death, the manner in which it was occupied and used by the three brothers, the amount received from it and expended on it and the control exercised over it is not material to the determination of the question on which the decision of the case depends. In regard to the circumstances under which the deed was executed the testimony of the appellant is no more definite than the allegations of his bill. He professed ignorance in regard to the execution of the deed, and stated that if he signed it it was because William told him to, by reason of the confidence he had in William. On his direct examination he stated he did not have any remembrance of signing the deed and did not sign it. On his cross-examination he said: "No, sir; I do not say that I did not sign it, but I do say that if I did it was because William C. told me to; but I do not remember of signing any paper whatever." And again: "If they made this deed to William Lang for my interest in the property so that they could not make judgment against me I do not remember it." A. M. Elliott testified that he was an attorney and prepared the deed;

that it was in his handwriting and he was present when it was signed; that Thomas Lang had him prepare it, and he does not think anyone was there at the time but the appellant. The appellant told him that he had had some trouble with George Berg, who was going to sue him for personal injury, and that he wanted things fixed so that Berg could not get anything out of him. After the deed was executed the witness gave it to Thomas Lang. He did not remember whether he talked to William about it before the deed was executed or not. The appellee William C. Lang testified that the appellant delivered the deed to him and that he has had possession of it since its delivery; that he was not in Elliott's office when the deed was made; that appellant threw it on the stand and said it was a deed to his share of the property and that he was making it so that Berg could not get a judgment against him. William testified that he never had any conversation with Elliott concerning the deed before it was made, and knew nothing about it until after it was made and Elliott came by one day and said that the appellant had made a deed for one-third of the estate.

There is not the slightest evidence that William C. Lang had anything to do in procuring the execution of the deed, that he suggested it, advised it or had any knowledge of it before its delivery to him. The plan of conveying the property so as to avoid the payment of any liability to Berg originated with the complainant and was carried out by him without suggestion or advice, so far as the evidence shows. There is positive evidence that it was without the suggestion or advice of William C. Lang. The existence of a fiduciary relation does not avoid a conveyance unless by reason of the relation an undue advantage is taken of the grantor. The evidence here shows, on the contrary, that no such advantage was taken.

The decree of the circuit court dismissing the bill was right and will be affirmed.                     *Decree affirmed.*

Subsequently, after a rehearing had been granted, the following additional opinion was filed:

Per CURIAM: We have again reviewed the evidence in this case, being moved so to do by the earnest contention of the appellant's counsel in the very strong and convincing petition filed by them. We may concede, and do concede, that there was a confidential relation existing between appellee William C. Lang and appellant at the date of appellant's deed to William similar in character to that of guardian and ward, as appellant had been the ward of William, and William, as his guardian, had only been discharged about four months prior to the making of the deed and was at that time managing the business matters of appellant. The law is, in such cases, that a deed by which the guardian obtains the property of his ward without consideration being paid therefor is *prima facie* voidable,— *i. e.*, that the burden of proof rests upon the guardian, and not the ward, to show that the deed is valid and binding. *Thomas* v. *Whitney,* 186 Ill. 225.

In answer to appellant's contention that the deed was *prima facie* voidable, appellees' reply was that the deed was made by appellant for the fraudulent purpose of preventing a supposed creditor, or one who might have a right of action against him, from collecting whatever judgment he might obtain against appellant. Appellant's rejoinder is, in substance, that while his conduct in making the deed, and also that of William in accepting the same, is not clean-handed and that both of them are *in delicto* concerning the fraudulent deed, still they are not *in pari delicto,* and that William is much more blameworthy than appellant in the making of the deed and that he was the real procuring cause in the making thereof. We have re-examined the evidence with great care and have again reached the conclusion that the finding of the lower court that the parties to the deed are *in pari delicto* is abundantly sustained by the evidence. While William admitted accepting the deed well knowing

that it was executed for the fraudulent purpose aforesaid, he has by the weight of the evidence shown that appellant made the deed voluntarily for the fraudulent purpose afore-said and without solicitation on the part of William. Therefore the acts of both parties must be considered as *in pari delicto,* and the decree must be affirmed.

*Decree affirmed.*

FARMER and CARTER, JJ., dissenting.