## DETERMINED IN THE

# SUPREME COURT

### OF

# WASHINGTON

[No. 15291. *En Banc.* December 15, 1919.]

FRED J. WYNNE et al., *Appellants*, v. CORA R. HARVEY, *as Administratrix etc., Respondent.*[1]

EXECUTORS AND ADMINISTRATORS (72, 73)—CLAIMS—PRESENTATION —NECESSITY—PENDING SUIT. Where, pending appeal, the judgment debtor died and the administratrix was substituted, judgment of affirmance was against the administratrix in her representative capacity, and the claim need not be presented within one year; in view of Rem. Code, § 1483, providing that the effect of judgment against any executor shall be to establish the claim in the same manner as if allowed by the executor.

SAME (73). Rem. Code, § 1484, requiring claims to be presented on judgments on which execution has not issued applies only to judgments rendered against the deceased in his lifetime, and not to a judgment of affirmance against the administratrix after she was substituted as appellant (MACKINTOSH, BRIDGES, and FULLERTON, JJ., dissenting).

Appeal from an order of the superior court for Stevens county, Hurn, J., entered December 13, 1918, denying the right to payment of a claim against the estate of a decedent, after a hearing upon objections to the final account of the administratrix. Reversed.

*Davis & Heil* and *L. B. Donley,* for appellants.

*Zent & Jesseph,* for respondent.

MOUNT, J. — This appeal is from an order of the lower court denying the right of appellants to have a

[1]Reported in 186 Pac. 310.

judgment paid in due course of the administration of an estate.

The facts are briefly as follows: In the year 1914, appellants, Wynne and wife, commenced an action in the superior court of Stevens county against Lee B. Harvey, I. S. Clark, and others, to recover damages for malpractice in the performance of a surgical operation upon Mrs. Wynne. That action resulted in a judgment against Harvey and Clark in the sum of $5,000. Judgment was entered in April, 1916. Thereafter the defendants in that action, Harvey and Clark, separately appealed to this court. Pending the appeal, Mr. Harvey died, and his wife, who had been appointed administratrix of his estate, was, by an order of this court, substituted as a party appellant. After Mrs. Harvey was appointed administratrix, she published, on the 13th day of January, 1917, a notice to creditors which required all parties having claims against the estate to present the same within one year. At the time of taking the appeal, the judgment against Harvey and Clark was not superseded. After the substitution of Mrs. Harvey as administratrix of the estate of Lee B. Harvey, the case was argued in this court and the judgment was affirmed. See *Wynne v. Harvey,* 96 Wash. 379, 165 Pac. 67. Thereafter the case was heard *En Banc* with the same result. See 99 Wash. 693, 168 Pac. 896. Thereafter the remittitur from this court was filed in the court below on the 3d day of January, 1918, some ten days before the year expired in which to file claims against the estate of Lee B. Harvey. No formal claim of the judgment was presented to the administratrix. Thereafter the administratrix filed her final account, but in that account no mention was made of the judgment against her as administratrix. Exceptions were filed to the account, these exceptions were heard, and the trial court was

of the opinion that, because the claim upon the judgment was not presented to the administratrix within one year after the publication of notice to creditors, the judgment was barred. This appeal is from that order.

We are of the opinion that it follows as a matter of course, when Mrs. Harvey was substituted in this court as a party appellant instead of her deceased husband, that the judgment as affirmed by this court became a judgment against her in her representative capacity. Otherwise there was no necessity for substitution. This precise question is a new one in this court and no authorities directly in point have been cited to us, except the case of *Brennan v. Brennan,* 65 Cal. 517, 4 Pac. 561. That was a case where Thomas Brennan obtained a judgment against Daniel Brennan for $1,538. Daniel moved for a new trial, but died before the decision of the motion. Hannah Brennan was appointed executrix of his estate and substituted as defendant. At the hearing of the motion, an order was made modifying the judgment so as to make the amount $990 instead of $1,538. An entry was made of the order, and the figures were changed on the judgment roll, but no new judgment was entered. Bridget Brennan, as executrix of the estate of Thomas Brennan, deceased, filed a petition asking that Hannah Brennan, as executrix of the estate of Daniel, be directed to pay the amount of the judgment. In that case the court said:

"The judgment rendered at the instance of the moving party, the executrix of D. Brennan, deceased, was, in legal effect, a judgment against her. She had then been made a party. Her testator had then died. No valid judgment could have been entered against the testator after his death. The new judgment was one against the executrix, to be paid in due course of administration."

The court then, after discussing some of the facts, said:

"She was a party to the action and took part in the litigation. The testator had fully defended the action; judgment had passed against him, he served notice of intention to move for a new trial, and then died. Before the hearing of this motion his executrix had been made a party to the action, and she prosecuted the motion with the result above stated. The judgment was one which could only have been paid in due course of administration. No execution could have issued on it. No payment of it is pretended. We do not see, under these circumstances, that any presentation of the judgment was required under section 1505 of the Code of Civil Procedure."

The facts in that case are substantially the facts in this case. The section 1505 referred to of the Civil Code of Procedure of California is in substance the same as our § 1483, Rem. Code. We think there can be no doubt that the judgment as affirmed by this court against the substituted appellant, Mrs. Harvey, as administratrix of the estate of Lee B. Harvey, deceased, was a judgment against her in her representative capacity. Section 1483, Rem. Code, provides:

"The effect of any judgment rendered against any executor or administrator shall be only to establish the claim in the same manner as if it had been allowed by the executor or administrator and the court; and the judgment shall be, that the executor or administrator pay, in due course of administration, the amount ascertained to be due, but no execution shall issue upon such judgment, nor shall it create a lien upon the property of the estate, or give the judgment creditor any priority of payment."

It seems clear from this statute that this judgment became a judgment against the administratrix of the estate of Lee B. Harvey, and that it was not necessary thereafter to present a claim against the administra-

trix for the amount of this judgment. It was required to be paid, by the terms of the statute, in due course of administration. Respondent relies upon the next section, § 1484, Rem. Code, which provides as follows:

"When any judgment has been rendered against the testator or intestate in his lifetime, no execution shall issue thereon after his death, but it shall be presented to the executor or administrator as any other claim, but need not be supported by the affidavit of the claimant, and if justly due and unsatisfied, shall be paid in due course of administration: Provided, however, that if it be a lien upon any property of the deceased the same may be sold for the satisfaction thereof, and the officer making the sale shall account to the executor or administrator for any surplus in his hands."

That section refers only to judgments rendered against the testator or intestate in his lifetime, where a judgment has become final and no appeal has been prosecuted therefrom, and no substitution of the executor or administrator has been made as a party to the judgment. In such case, it is necessary that a claim shall be presented to the executor or administrator, as any other claim. But that section cannot be construed to apply to a case where the executor or administrator has been made a party to the litigation. The trial court probably misconstrued the effect of the decision in *In re Richardson's Estate*, 97 Wash. 488, 166 Pac. 776. That was a case where the Anderson Steamboat Company was dismissed from an action and costs in the sum of $38.60 were taxed against the plaintiff. Thereupon the judgment creditor sought to collect the costs from the administratrix of the estate of B. F. Richardson, deceased. The court made an order directing the administratrix to pay to the Anderson Steamboat Company its costs as taxed,

" 'and in the event that the said administratrix fails and neglects or refuses to pay said sum on or before 5 o'clock p. m. of October 17, 1916, that her letters of administration be and the same hereby are revoked, cancelled and set aside.' "

From that order, an appeal was taken, and this court reversed the order, saying:

"Our probate practice affords an orderly method for the presentation and payment of claims against estates, even though, as here contended, the claim presented is in the form of a judgment against the administratrix. Rem. Code, § 1483. Respondent argues that a different rule should apply where the court has taxed costs against the administratrix and thus in effect judicially determined the status of the matter. The answer is that the statute affords but one method and that method must be followed."

In that case this court was considering the method of payment of the judgment, and nothing else. The question of the filing of the claim with the administratrix was not considered there. The only question made was as to the method of payment. The lower court made an order requiring the administratrix to pay, and in default, that her letters be revoked and cancelled. There was no warrant in the statute for such an order. The statute, which we have above quoted, says that the judgment shall be paid in due course of administration, and the court was therefore not justified in ordering payment in any other way. That case has no application to the question under discussion upon this appeal; for here the only question is, whether it was necessary to file the claim upon a judgment which had been rendered against the administratrix in her representative capacity. We are satisfied that it was not necessary, under the direct terms of the statute, and that the judgment should be paid in due course of administration.

The order appealed from is therefore reversed, and the cause remanded to the lower court for further proceedings not inconsistent with this opinion.

HOLCOMB, C. J., MITCHELL, TOLMAN, PARKER, and MAIN, JJ., concur.

MACKINTOSH, BRIDGES, and FULLERTON, JJ. (dissenting)—We cannot agree with the result announced by the majority of the court, for this reason: Section 1484, Rem. Code, reads as follows:

"When any judgment has been rendered against the testator or intestate in his lifetime, no execution shall issue thereon after his death, but it shall be presented to the executor or administrator as any other claim, but need not be supported by the affidavit of the claimant, and if justly due and unsatisfied, shall be paid in due course of administration: Provided, however, that if it be a lien upon any property of the deceased, the same may be sold for the satisfaction thereof, and the officer making the sale shall account to the executor or administrator for any surplus in his hands."

This section is identical with § 119 of the 1917 probate code, Laws of 1917, ch. 156, p. 675. The judgment in this case was recovered during the lifetime of Harvey and became a lien upon such real estate as he owned, which could have been sold at any time after the rendition of the judgment, either before or after Harvey's death, had the appellant so desired, for it must be remembered that, although an appeal was taken from the judgment, the judgment was not superseded, and, therefore, the appeal did not suspend or destroy the full force and validity of the judgment pending its final determination in this court. The judgment not having been superseded, the appellants were possessed of a valid judgment which, by the terms of the section quoted, they had the right to present to

the administratrix for payment in the same manner as any other claim, or to collect from such real estate as was covered by the lien of the judgment. Not only did they have this right, but, as we read the section, it was their duty so to do, and having failed therein, the claim is barred, as any other claim must be which is not presented within one year. The case of *In re Richardson's Estate,* 97 Wash. 488, 166 Pac. 776, was a case where a judgment for costs had been taken against the administratrix in an action which she had instituted in her representative capacity, and upon her refusal to pay the judgment, an order was made that her letters of administration be revoked, unless she paid the judgment by a certain time fixed in the order. From this order she appealed, and we there held, as quoted in the majority opinion, that the probate law provides an orderly method for the payment of claims, including judgment against the administratrix.

In the case of *Barto v. Stewart,* 21 Wash. 605, 59 Pac. 480, we said:

"If we are to give effect to all these provisions of the statute, and the general rules of statutory construction applicable thereto, it is obvious that the word 'claim' must have a uniform sense throughout the statute and be held to include every species of liability which the executor or administrator can be called on to pay, or to provide for the payment of, out of the general fund belonging to the estate."

In *Crowe & Co. v. Adkinson Const. Co.,* 67 Wash. 420, 121 Pac. 841, Ann. Cas. 1913D 273, we held that it was necessary to present a mechanics' lien to the administrator for allowance or rejection, in the course of which opinion this appears:

"We have further held that the claim of a judgment creditor must be presented to the personal representative of a deceased person. *Meikle v. Cloquet,* 44 Wash. 513, 87 Pac. 841; *Doyle v. McLeod,* 4 Wash. 732,

31 Pac. 96. Such, we think, is the plain meaning of the statute."

It would appear from these cases that the court had adopted the view that a judgment must be presented to the administrator, and unless such is the law, the section which we have quoted is read out of the probate code whenever an appeal is subsequently taken from the judgment, even though the effect of the judgment has not been superseded by a bond, for it is elementary law that an appeal without supersedeas does not annul or set aside the judgment appealed from. 3 C. J. 1261; 2 R. C. L. 117.

While, as we have said, in our opinion, the effect of the majority opinion is to read out of the probate code § 1484, Rem. Code (now § 119 of the 1917 probate code, Laws 1917, p. 675), the interpretation that we give this section maintains that section in effect and is perfectly reconcilable with § 1483, relied on by the majority of the court. In our opinion, these two sections are harmonious and, if properly interpreted, are both operative. Our interpretation would be that, in actions brought against an executor or administrator, the judgment rendered need not be presented as a claim, but that, in actions brought against the testator or intestate, upon which judgment is rendered against him, such judgments must be presented to the administrator or executor as claims. This harmonizes both sections and, in our view, fulfills the express intention of the statute.

The argument that the presentation of the judgment is a useless act is answered by our opinion in *First Security & Loan Co. v. Englehart,* 107 Wash. 86, 181 Pac. 13.

We therefore dissent.