[L. A. No. 15830. In Bank—September 21, 1936.]

UNITED STATES GYPSUM COMPANY (a Corporation), Appellant, v. A. W. SHAFFER, as Administrator, etc., Respondent.

Gibson, Dunn & Crutcher and Ira C. Powers for Appellant.

Elliot Gibbs for Respondent.

456

Meserve, Mumper, Hughes & Robertson and Edwin A. Meserve, as *Amici Curiae* on Behalf of Respondent.

SHENK, J.—The plaintiff brought an action on a creditor's claim against the estate of Cornie W. Hart, deceased. From a judgment for the defendant executors the plaintiff has taken this appeal.

The plaintiff obtained a judgment against Cornie W. Hart in her lifetime in the sum of $2,226.99, with interest from October 6, 1930, the date of the judgment. She appealed from that judgment and filed a bond to stay execution pending the appeal. The judgment was affirmed on July 17, 1934 (*United States Gypsum Co.* v. *Snyder-Ashe Co.*, 139 Cal. App. 731 [34 Pac. (2d) 767]). In the meantime and on December 2, 1932, she died and on January 5, 1933, Fred E. Peterson, Karl W. Hart and Harold W. Hart were appointed executors of her will and qualified as such. Fred E. Peterson had represented Cornie W. Hart as her attorney in the trial of the action and on her appeal from the judgment hereinbefore mentioned. On May 16, 1933, and prior to the expiration of the time for filing claims of creditors against the estate of Cornie W. Hart, but without actual knowledge of her death, the plaintiff served in that action on Fred E. Peterson, as attorney for Cornie W. Hart, a notice of motion to require her to furnish a new undertaking on appeal. Service of said notice was acknowledged in writing by said Peterson, who also personally appeared on the hearing of said motion in opposition thereto, without disclosing the fact of the death of his client or having himself and the other executors substituted as parties defendant, or making any objection to the jurisdiction of the court to render any order therein.

On December 27, 1933, and after the expiration of the time for filing creditors' claims against the estate, the plaintiff filed and served in the matter of said estate a notice of motion for permission to file an amended claim for payment of its judgment. After hearing upon said motion the probate court granted leave to the claimant to file such amended claim with the same effect as though it had been filed on May 16, 1933, when the notice of motion to require the defendant Cornie W. Hart to furnish a new undertaking was served on Fred E. Peterson. An amended claim with the required supporting

affidavit was filed pursuant to such order. The executors refused payment of the claim and this action followed.

The trial court found that the notice of motion of May 16, 1933, was delivered to Fred E. Peterson, "who was one of the executors of the estate and who acted *in personam* for said executors as the attorney for said estate and who was the party with whom claims of creditors were by the published notice required to be filed, and the judgment referred to in said notice is the same judgment as that upon which the plaintiff's claim is based". The trial court nevertheless concluded that the plaintiff had not filed a proper claim within the time allowed by law because it had not shown that it was entitled to file a claim after the expiration of the time for filing claims, pursuant to section 707 of the Probate Code, by reason of being out of the state; and further because the notice of motion served on Fred E. Peterson on May 16, 1933, had not been served on the executors *as such executors,* nor filed with the clerk in the matter of said estate.

The plaintiff does not contend that the court's finding that it was not out of the state and therefore had at least constructive notice of the pendency of the administrative proceedings is unsupported. It does contend, however, that the trial court erred in concluding that the service of the notice of motion of May 16, 1933, was not such service on and presentation to the executor of notice of the plaintiff's claim against the estate which, although defective as such, nevertheless was served within the statutory period and could properly be the subject of an amendment pursuant to the order of the probate court allowing such amendment.

There is no merit in the plaintiff's contention that an order allowing an amended claim to be filed, which order has become final, is conclusive and binding on the parties in any action on such claim. In an action on a claim against an estate the executor or administrator is entitled to contest the validity of the claim. (*Tropico Land etc. Co.* v. *Lambourn,* 170 Cal. 33, 42–44 [148 Pac. 206].)

The defendants concede the power of the probate court under proper circumstances and after the expiration of the statutory period to permit the amendment of a claim which has been presented within the time allowed by section 700 of the Probate Code. (*Davis* v. *Superior Court,* 35 Cal. App. 473 [170 Pac. 437].) The position of the defendants

is that the notice presented to the executor, Fred E. Peterson, could not constitute a claim against the estate, and was not intended as notice of such a claim, because it was entitled and filed in the action then pending and not in the matter of the estate. The notice otherwise informed the executor of the identical judgment upon which the plaintiff based its claim and disclosed the plaintiff's intention to prosecute its rights thereunder. The opportunity afforded for amendment presupposes that there might be defects and informalities in the original presentation of a claim which requires correction or additions before it complies with the statutory requirements. A particular purpose of the requirement to file claims and of the limitation of time thereon is to inform the personal representatives and the court of the valid claims against the estate to the end that the estate be administered expeditiously. (11 Cal. Jur., pp. 652, 653.) The code does not state what precise form such a claim shall take, and any notice presented to the executor or administrator which informs him of the outstanding claim is sufficient at least upon which to base an order permitting an amendment to supply the missing formalities or any deficiencies. (*Standiford* v. *Cantrell*, 87 Cal. App. 736, 741 [262 Pac. 800] ; *Kirman* v. *Powning*, 25 Nev. 378 [60 Pac. 834, 61 Pac. 1090] ; see *In re Lipman*, 65 Fed. (2d) 366 ; *Smith* v. *Smith's Admr.*, 3 How. [Miss.] 216.)

The effect of the order permitting the amendment to be filed was not to extend the statutory period within which claims may be filed. Such a contention is founded on the hypothesis that no claim or notice sufficient to support an order permitting an amendment was filed within the statutory period.

Furthermore, it may properly be questioned whether in the present case a claim was required to be filed. Cases such as *Brennan* v. *Brennan* 65 Cal. 517 [4 Pac. 561], hold that where prosecution of the action after the defendant's death is continued against the executor or administrator of defendant's estate, the defendant having died after judgment entered, there is no necessity of filing a claim pursuant to section 1505 of the Code of Civil Procedure (now section 732 of the Probate Code). The judgment becomes then in effect a judgment against the estate. (*Millar* v. *Millar*, 51 Cal. App. 718 [197 Pac. 811] ; *Wynne* v. *Harvey*, 109 Wash. 1 [186

Pac. 310].)   The defendants assert that applicability of such exception depends on the actual formal substitution of the executors as the defendants in the place of the defendant Cornie W. Hart.   The absence of this formality, however, cannot avail the defendants where the executors appeared and defended as though such formality had been complied with and without questioning the jurisdiction of the court to proceed against their testatrix.   (*Robert* v. *Superior Court,* 38 Cal. App. 199, 202 [175 Pac. 800] ; see, also, *Moyle* v. *Landers,* 78 Cal. 99, 105–107 [20 Pac. 241, 12 Am. St. Rep. 22] ; *Whartenby* v. *Reay,* 92 Cal. 74 [28 Pac. 56] ; *Mooney* v. *Superior Court,* 183 Cal. 705, 708, 709 [192 Pac. 542] ; *Tolle* v. *Doak,* 12 Cal. App. (2d) 195 [55 Pac. (2d) 542].)

On whichever horn of the dilemma the defendants care to rest, it appears either that a claim was not required to be filed, or that the presentation to the proper person of the notice of motion of May 16, 1933, and appearance pursuant thereto served as a presentation of notice of the plaintiff's claim to the executors upon which the court could properly predicate an order permitting an amended claim to be filed.

The judgment is reversed.

Seawell, J., Thompson, J., Langdon, J., and Waste, C. J., concurred.

Rehearing denied.