(No. 26296.—▮▮▮▮▮▮)
REBECCA PRICKETT, Appellee, *vs.* WILLIAM PRICKETT *et al.*
Appellants.

*Opinion filed January 20, 1942—Rehearing denied March 11, 1942.*

JOHN B. KING, for appellants.

JAMES P. BYRNES, for appellee.

Mr. JUSTICE SHAW delivered the opinion of the court:
Rebecca Prickett filed her complaint in equity in the circuit court of Cook county, seeking a reconveyance of certain real estate and an accounting for an increase of $500 in a loan made against the property. The chancellor, in affirming the findings of the master, ordered a reconveyance of the real estate in litigation, ordered the appellants to account to appellee for all rents collected and the increase of the mortgage indebtedness from $1500 to $2000.

The facts as recited in the chancellor's decree are as follows: On January 2, 1935, Rebecca Prickett and her husband, Fred, were owners in joint tenancy of two parcels of real estate, one a vacant lot located in DuPage

county, Illinois, and the other improved with a two-flat brick building situated in Cook county, Illinois. On November 8, 1934, plaintiff and her husband entered into a contract with the Midland Development Company of Chicago for the purchase of a vacant lot. Shortly thereafter John E. Van Natta, attorney and legal advisor for Fred Prickett, advised appellee and her husband that they were personally liable under the contract, and since there was an unpaid balance due on this contract, the Midland Development Company could sue them and recover a judgment against them. Acting on the advice of Mr. Van Natta, and in order to avoid a lien of judgment against the premises, the Pricketts conveyed both parcels of real estate to Vail A. and William H. Van Natta, sons of the appellant John E. Van Natta. These deeds were executed on January 2, 1935, and the deed conveying the two-flat brick building was recorded on January 5 of the same year. On May 23, 1936, William H. Van Natta quit-claimed all his interest in both parcels to his brother Vail and wife, jointly. The deed conveying the improved property was recorded June 29, 1936. The Pricketts did not receive any consideration for this conveyance.

Prior to August 1, 1939, the property in Cook county was encumbered by a trust deed securing the payment of $1500. On August 1, 1939, Vail A. Van Natta and his wife executed a trust deed on this property to Alexander Glanz to secure $2000, bearing interest at 5½ per cent. The sum of $1500 was paid on the prior trust deed by Vail A. Van Natta and wife, and it was released. Subsequently, on January 22, 1940, Vail A. Van Natta and wife conveyed to William Prickett, (brother of Fred Prickett,) and Belle Prickett, his wife, a one-half interest in the apartment, and this was recorded on March 8, 1940. Likewise, on January 27, 1940, Vail A. Van Natta and wife conveyed to Clarence Sprague and Laura McInnis a one-

half interest in the same property, and this also was recorded March 8, 1940. Fred Prickett died January 4, 1940. The vacant property was conveyed to William Prickett and Belle Prickett, jointly, by Vail A. Van Natta and his wife. Clarence Sprague and Laura McInnis have conveyed to appellee all their right, title and interest in the improved property. The litigation now before us is not concerned with the vacant property located in DuPage county.

The chancellor found that the legal title to these properties was placed in William H. and Vail A. Van Natta in trust for the Pricketts; that the Pricketts did not authorize the conveyance of either parcel, and that these conveyances were made without consideration; and further, that the equity in all of these premises belonged to and is the sole property of the appellee, as surviving joint tenant of Fred Prickett, her deceased husband. The chancellor also found that the appellants have been collecting rents since January 2, 1940, and that the mortgage on the Cook county property was increased by $500.

The answer filed by the appellants admitted the conveyance of the real estate to the two sons of John E. Van Natta without any consideration so that the grantees would hold the title to the property for the benefit of the grantors. The existence of the fiduciary relationship arising out of the attorney-client association is likewise admitted by the appellants' answer.

Agnes E. McInnis, testifying in behalf of appellee, stated that John E. Van Natta, after Fred Prickett's death, told her that the property could not be put back in appellee's name because the Midland Development Company would put a claim on any of the property. Van Natta also told her that the Midland Development Company did not put a lien on the property because he was one jump ahead of them. She further testified that Van Natta told

her he was going to put one half of the property in William Prickett's name, even though this was contrary to Mrs. Fred Prickett's wishes.

Laura McInnis, called on behalf of appellee, testified that John E. Van Natta told her he was going to put half of Mrs. Prickett's property "in Bill Prickett's name" and asked the witness not to advise Mrs. Prickett of this conveyance. At the trial, the appellants did not introduce any evidence to support their answer.

Where conveyance of real estate for the purpose of defrauding creditors is induced by the advice of the grantee who holds a relation of trust or confidence to the grantor, a court of equity will give relief to the grantor notwithstanding the fraud. (*Lang* v. *Lang,* 284 Ill. 148.) John E. Van Natta, as attorney and counselor for the Pricketts, advised them to convey the property to his own sons in order to avoid the possibility of a lien being placed on this property. At this time the Midland Development Company had not taken any judgment or any steps to perfect a lien against this real estate. The Fred Pricketts and John E. Van Natta were *in pari delicto.* Appellant was the legal advisor, appellee's husband the client. By advising the conveyance, the attorney procured control of the property and placed the legal title in his own sons' names. In *Herrick* v. *Lynch,* 150 Ill. 283, at page 288, adopting the Appellate Court's opinion, we said: "Equity will not tolerate the idea that an attorney may make use of his peculiar power over his client to procure a contract which is illegal and contrary to public policy, and to then invoke the aid of the law to enable him to retain that which he has obtained through his fraudulent artifices."

Appellants insist that a transfer of property made in fraud of creditors is binding upon the parties to it, and cannot be set aside at the suit of the grantor. *Rosenbaum* v. *Huebner,* 277 Ill. 360, is cited as authority for this proposition. However, in that case a suit was al-

ready pending against the grantor when the conveyance was made.

Appellant John E. Van Natta advised his client, appellee's husband, to make the aforedescribed conveyance. This advice was followed and the conveyance made. Appellant is now endeavoring to invoke the protection of the law to enable him to retain control of the property. Such conduct on the part of an attorney before this bar is deplorable and should not be permitted to go unnoticed by this court.

There is ample evidence, some of it in written form, to sustain the findings of fact made by the chancellor. The decree of the chancellor ordering a reconveyance of the property and an accounting for the rents and for the increase of the mortgage is affirmed.

*Decree affirmed.*