393 P.2d 905

Juan GASTELO and Dolores Gastelo, his wife, Appellants,

v.

Antonia CHAVARRIA, Appellee.

No. 7717.

Supreme Court of Arizona.

In Division.

July 8, 1964.

Herbert B. Finn, Phoenix, for appellants.

Richmond, Ajamie & Fay, by Amil J. Ajamie, Phoenix, for appellee.

BERNSTEIN, Justice.

Plaintiff-appellant, Antonia Chavarria, brought suit against Juan Gastelo and his wife Dolores Gastelo, defendants-appellees, for specific performance of a contract to sell property in Guadalupe for $300. The contract was entered into on November 12, 1956, and called for installment payments of $20 per month. The case was presented to the court for trial on the merits without a jury. After hearing witnesses, the trial judge entered a decree for specific performance against defendants. The defendants have appealed. No findings of fact were made or requested.

■ The only issue in this case is whether a proper tender of the balance due on the purchase price was made by the plaintiff. This is an issue of fact, and we are bound by the decision of the trial judge if there is competent evidence in the record to support it. Colvin v. Superior Equipment Co., 96 Ariz. 113, 392 P.2d 778.

■ The plaintiff's son testified that he offered the $150 cash still due on the contract to Mrs. Gastelo on Good Friday, March 27, 1959. The money tendered was cash which he had borrowed from his brother. Mrs. Gastelo had accepted prior installment payments. Mr. Gastelo testified that she had authority to act for him in making collections. There is a conflict in the testimony as to whether the cash was actually shown to Mrs. Gastelo, but the plaintiff's evidence, which was believed by the trial judge, shows an actual tender rather than a mere offer to make a tender.

This tender was an unconditional offer to pay the full balance due immediately in cash. It was refused because of Mrs. Gastelo's mistaken belief that the time for performance of the contract had expired. The record here shows that the requirements of an actual tender, as described in Somerton State Bank v. Maxey, 22 Ariz. 365, 197 P. 892, 14 A.L.R. 1117 were met.

Judgment affirmed.

LOCKWOOD, V. C. J., and JENNINGS, J., concur.