421 P.2d 507

Phillip BARNETT and Pacific National Bank
of San Francisco, a National Banking As-
sociation, Appellants and Cross-Appellees,

v.

HITCHING POST LODGE, INC., a corpora-
tion, and the Bank of Douglas, as the Ex-
ecutor of the Estate of Ray C. Gilliland,
Appellees and Cross-Appellants.

No. 7084.

Supreme Court of Arizona.

In Division.

Dec. 14, 1966.

Jennings, Strouss, Salmon & Trask, by Ozell M. Trask, William F. Haug, Phoenix, for appellants and cross-appellees.

Hughes & Hughes, John E. Madden [deceased], John Geoffrey Will, John S. Schaper, Phoenix, for appellees and cross-appellants.

LOCKWOOD, Justice.

Plaintiffs (appellants herein) are Phillip Barnett and Pacific National Bank, as-

signee. Defendants (appellees) are Hitching Post Lodge, a corporation, and the Bank of Douglas [1] as Executor of the estate of Ray Gilliland.

The plaintiff sought relief in two counts. The first count was for foreclosure of a mortgage in the sum of $108,000 executed by Gilliland encumbering the Hitching Post Lodge, a motel in Scottsdale, Arizona, title to which was in the name of Hitching Post Lodge, Inc., a corporation. This mortgage purported to be given to Barnett to secure a promissory note of like amount. The second count was in the alternative, to recover the reasonable value of legal services rendered by Barnett to Ray Gilliland. The complaint alleged that Barnett was an attorney licensed in California and that he had performed legal services reasonably worth the sum of $108,000.

The defendant (Gilliland's executor) counterclaimed seeking to recover monies paid Barnett under an alleged illegal contingent fee contract and also counterclaimed for an accounting. The defendant (Hitching Post Lodge) counterclaimed to quiet title and also sought to recover attorney's fees in a slander of title action.

The trial court sitting without a jury found in favor of defendant on plaintiff's complaint to foreclose the purported mortgage.[2] The court also found in favor of the defendant Hitching Post Lodge, Inc., quieting title on its counterclaim. However, the trial court found in favor of Barnett on the executor's two counterclaims, and also on defendant Hitching Post's counterclaim for attorney's fees on slander of title claim.

The trial judge concluded:

"I find that the note was never delivered.

"I find that there was an understanding between the plaintiff and Gilliland that the mortgage given to secure the note of $108,000.00 would not be foreclosed, but that said mortgage was given to protect

Gilliland against a possible levy of execution by his wife on the Hitching Post Lodge property. Under these circumstances, plaintiff Barnett is estopped to now claim a mortgage lien against said property and his claim in this regard lacks equity."

The appellants claim that these conclusions are not supported by the evidence. We have consistently held that this court will be bound by the trial judge's decision on matters of fact in a non-jury case as long as there is competent evidence in the record to support the finding. Gastelo v. Chavarria, 96 Ariz. 209, 393 P.2d 905 (1964).

Darrell R. Parker, the plaintiffs' own witness, testified that the decedent had come to him and requested that a second mortgage be drawn up on the Hitching Post Lodge in favor of Barnett. When asked why he wanted the mortgage the decedent stated that he wanted the property "plastered" so that his estranged wife could not "get her hooks into it". This evidence is admissible as an exception to the hearsay rule. The state of mind of the decedent at the time of the execution of the mortgage is at issue. Therefore, his declarations evidencing a state of mind at a time close to the moment of the mortgage's execution gives rise to the inference that this state of mind continued. Udall, Evidence, § 173. Besides Mr. Parker's testimony, the defendants offered as witnesses Milton Cohen and Miss Patti Karger, California attorneys who had represented the decedent. These witnesses testified to the fact that Barnett had admitted to them that he had taken the mortgage on the property only to protect the decedent from having it attached by his estranged spouse. These statements are admissible as admissions of a party opponent, an exception to the hearsay rule. Schulze v. Ind. Comm., 94 Ariz. 35, 381 P.2d 577 (1963); Udall, Evidence § 178. There was thus sufficient evidence upon

1. Since the inception of this case, the name has been changed to Arizona Bank.

2. The trial judge withheld judgment on Count II of plaintiff's complaint pending the outcome of this appeal.

which the trial judge was justified in finding that this was not intended to be a bona fide mortgage on the Hitching Post property, but rather an attempt to fraudulently prevent the attachment of the property by the decedent's wife. Even though the decedent was involved in this fraudulent scheme, a court of equity would be justified in preventing the grantee-attorney, upon whose advice the fraudulent conveyance was executed, from taking advantage of the situation which his unethical counsel created. Prickett v. Prickett, 379 Ill. 181, 39 N.E.2d 984 (1942).

The appellant sought not only to recover against the security, but in the alternative sought to recover on the note or for the reasonable value of his services to the decedent as against the estate. Although the trial court withheld judgment on Count II of the complaint, for the reasonable value of Barnett's services, we deem it appropriate to consider this count since we find as a matter law that the appellant has been barred by the non-claim statute (A.R.S. § 14–579) from asserting these claims against the estate.

██ It is undisputed that on March 5, 1957, Gilliland's executor published notice to creditors. From the date of first publication creditors have four months in which to file a claim against the estate. A.R.S. § 14–561. On April 10, 1957, Barnett and Pacific National Bank filed a claim which follows:

"To Phillip Barnett and/or Pacific National Dr. 1957 Account stated April 9, 1956, by and between C. Ray Gilliland, obligor, and Phillip Barnett, obligee $108,000.00.

Said sum is secured by Second Mortgage on realty executed by Hitching Post Lodge, Inc., (owned by decedent), as

mortgagor, and Phillip Barnett, mortgagee, on April 9, 1956, which mortgage was recorded April 9, 1956, in Book 1873, pages 178–180, County Recorder, Maricopa County, Arizona. Said mortgage is incorporated herein by reference. Decedent had paid $4,900.00 on account of the principal of said mortgage obligation prior to death. The first interest installment of 4% per annum is due upon said mortgage April 9, 1957, in the sum of
$4,222.09

This mortgage has been assigned to the Pacific National Bank."

As the executor took no action on this claim for ten days, it is deemed rejected on April 20, 1957 by operation of law pursuant to A.R.S. § 14–564. See, Lowry v. Crandall, 52 Ariz. 501, 83 P.2d 1003, 120 A.L.R. 271 (1938); Certain-Teed Products Corp. v. Luke, 74 F.2d 384 (9th Cir., 1934). Therefore, the subsequent executor's notice of rejection on May 13, 1957 was of no effect.

Barnett filed an amended claim on July 5, 1957 for the same $108,000. This time, however, he attached the mortgage to his claim. Moreover, he sought in the alternative the reasonable value of his services.

Suit was filed on August 1, 1957, within three months of rejection of the amended claim but not within three months from rejection of the original claim. The question then presented is whether this action is barred by the non-claim statute, A.R.S. § 14–579.[3]

██ The purpose of the requirement to file claims and of the limitations of time thereon is to inform the personal representative and the court of the valid claims against the estate to the end that the estate be administered expeditiously. See United

---

3. A.R.S. § 14–579. "Action against personal representative on rejected claim; limitations

"A. When a claim is rejected either by the executor or administrator or the judge, the holder may bring an action thereon against the executor or administrator within three months after the date of its

rejection, if it is then due, or within two months after it becomes due, otherwise the claim shall be forever barred.

"B. No claim shall be allowed by the executor or administrator or by the judge which is barred by the statute of limitations."

**492**

States Gypsum Co. v. Shaffer, 7 Cal.2d 454, 60 P.2d 998 (1936); Haddock v. Williams, 378 P.2d 774 (Okl.1963).

■■■ Plaintiff contends that his first claim was "fatally defective" and meaningless particularly because he did not attach a copy of the mortgage to the claim, and did not claim in the alternative for the reasonable value of his services, and therefore the three month period within which to bring suit began to run from the time of rejection of the amended claim. With this contention we are not in accord. The first claim filed on April 10, 1957 was sufficient to apprise the executor of the amount of the demand. See Davey v. Janson, 62 Ariz. 39, 153 P.2d 158 (1944); Syler v. Katzer, 12 Cal.2d 348, 84 P.2d 137, 119 A.L.R. 422 (1938). Moreover, it is sufficient to describe the mortgage, in a claim presented to an executor, by reference to the date, volume and page of the book where recorded as was done here, A.R.S. § 14–565, subsec. D. See also, Marston v. Denton, 60 Ariz. 178, 134 P.2d 158 (1943). Since the original claim was not materially defective, nor of doubtful sufficiency the amended claim therefore relates back to the date of the original claim. State ex rel. Steinfort v. District Court, 111 Mont. 216, 107 P.2d 890 (1940); Davis v. Superior Court, 35 Cal.App. 473, 170 P. 437 (1917). See, Stark v. McAllister, 65 Cal.App.2d 577, 151 P.2d 162 (1944). A claimant may not be permitted to evade the statute by making another presentation founded upon the same transaction differing from the former only in form and detail. Lindsay v. Hogan, 56 Mont. 583, 185 P. 1118 (1919); Titus v. Poole, 145 N.Y. 414, 40 N.E. 228 (1895) Gillespie v. Wright, 93 Cal. 169, 28 P. 862 (1892).

If it were true that the three month limitation, in which to bring suit on a rejected claim were to run anew after the rejection of an amended claim which only alters the form of the claim, the settlement of estates would be intolerably delayed despite the policy of speedy presentment and consideration of claims.

■■■ Plaintiff also contends that the note was not due when the claim was filed and pursuant to A.R.S. § 14–579 he thus had two months after the note matured within which to bring suit. He claims that the note became due only when suit was commenced.

The note herein contained an acceleration clause. It is unnecessary for us to decide whether the principal is automatically accelerated upon default. In this case the creditor filed a claim for the principal amount, which was acknowledged by the debtor's executor. We believe this was sufficient affirmative action to activate the acceleration clause, and declare the whole debt due.

Defendant (Gilliland's executor) contends that the trial court erred in not rendering judgment in favor of its counterclaim. This counterclaim stated two causes: one founded on Barnett's failure to account for disbursements from the Gilliland trust account; the other seeking to recover monies already paid Barnett for services rendered under an alleged illegal contract.

■■■ Defendant executor claims that Barnett failed adequately to account for the disbursements made and that the burden is upon him to support such disbursements by competent evidence. There is no question that the burden is upon the trustees of funds adequately to account for them. Mollohan v. Christy, 80 Ariz. 141, 294 P.2d 375 (1956); In re Schuster's Estate, 35 Ariz. 457, 281 P. 38 (1929). Furthermore, we agree with the following statement made by the trial court.

"The plaintiff's practice of prematurely destroying cancelled checks, failure to retain receipts and vouchers for expenditures, and failure to keep records and receipts involving cashier's checks in sizeable sums deposited with him by his client is condemned as an unsatisfactory method of keeping fiduciary accounts."

However, the trial court found, on the basis of substantial evidence, that the disburse-

ments were sufficiently explained by Barnett's oral testimony and by his books of account.

Therefore, we affirm the trial court's judgment on the counterclaim for an accounting.

 The remaining cause of defendant executor's counterclaim concerns the money paid to Barnett for services rendered to Gilliland. Defendant claims that the payments were founded upon an illegal contingent fee contract, involving a divorce action. Though a contingent fee contract is generally illegal in a divorce action [Theisen v. Keough, 115 Cal.App. 353, 1 P.2d 1015 (1931)], there was adequate testimony to support the finding of the trial court that the alleged illegal contract was superseded by a subsequent oral agreement for a stated amount. Thus, the court could properly deny this counterclaim.

Defendant Hitching Post Lodge, Inc. contends that the trial court erred in failing to render judgment in its favor in its slander of title counterclaim. In an action for slander of title, the recording of an unfounded claim is actionable only where the defendant's act is malicious, that is, where it is done from improper motives or without reasonable belief in the efficacy of the claim. See, 39 A.L.R.2d 840. The trial court herein did find that the execution of the mortgage was to protect the mortgagor Gilliland "against a possible levy of execution by his wife on the Hitching Post Lodge property." Thus, it might be said that such conveyance was "malicious" within the meaning of slander of title. See, Salt River Valley Water Users' Ass'n v. Peoria Ginning Co., 27 Ariz. 145, 231 P. 415 (1924).

However, no evidence was offered as to what reasonable attorney's fees would be, and it is impossible for the court to make this determination without appropriate evidence before it. Crouch v. Pixler, 83 Ariz. 310, 320 P.2d 943 (1958). Thus the trial court correctly denied this counterclaim.

Affirmed in part, and remanded with directions to dismiss Count II of plaintiff's complaint and enter judgment accordingly.

STRUCKMEYER, C. J., and McFARLAND, J., concur.