LINDSAY, Appellant, v. HOGAN, Admr., Respondent.

(No. 4,053.)

(Submitted November 12, 1919.   Decided December 13, 1919.)

[185 Pac. 1118.]

*Executors and Administrators—Estates of Deceased Persons— Claims Against—Presentation—Notice of Rejection—Statute of Limitations.*

Executors and Administrators—Estates of Deceased Persons—Presentation of Claims.
1.   Where a claim against an estate has once been presented to the administrator or executor and rejected, the claimant cannot thereafter, in evasion of section 7530, Revised Codes, again present the same claim, differing from the former only in form and detail.

Same — Presentation of Claims in Improper Form—Second Presentation Permissible—When.
2.   Presentation of a claim against an estate in improper form and consequent rejection by the administrator or executor do not bar a second presentation in due form, provided the time has not elapsed in which claims may be presented.

Same—Claims Against Estates—Statute of Limitations.
3.   Under section 7530, Revised Codes, a creditor of an estate must bring suit upon his claim within three months after its rejection, if then due; otherwise within two months after it becomes due. Plaintiff's claim was due at the date of its rejection.   The three months' period within which action could be commenced had expired seven days before he began suit.   *Held,* that the action was barred.

Same—Rejection of Claims—Notice.
4.   Creditors of estates, after presentation of their claims, must make inquiry as to the action taken by executor, administrator or the district judge with reference to them in order to preserve their rights in case of rejection, the statute, while requiring each to indorse thereon his allowance or rejection with the day and date thereof, not making it the duty of either to notify claimants of their rejection.

*Appeals from the District Court of Silver Bow County; John B. McClernan, Judge.*

Action by John Lindsay against John P. Hogan, as administrator of the estate of George A. Griggs, deceased.   From a judgment for defendant and an order denying him a new trial, plaintiff appeals.   Affirmed.

Mr. J. E. Healy, for Appellant, submitted a brief and argued the cause orally.

*Mr. Joseph R. Jackson,* for Respondent, submitted a brief; *Mr. N. A. Rotering,* of Counsel, argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Plaintiff brought this action in a justice's court of Silver Bow county on February 1, 1916, to recover of defendant, as administrator upon the estate of George Albert' Griggs, deceased, the sum of $250 for services alleged to have been rendered the said Griggs in his lifetime at his special instance and request, by plaintiff, in his professional capacity as attorney and counselor at law. The defendant in his answer put in issue the rendition and value of the services and alleged that the cause of action was barred by the provisions of section 7530 of the Revised Codes. From a judgment in plaintiff's favor, defendant appealed to the district court. A trial in that court resulted in a judgment for defendant. The cause is before this court on appeal by plaintiff from this judgment and an order denying him a new trial. The only question submitted for decision is whether the district court correctly ruled that plaintiff's cause of action is barred by the statute.

The deceased died intestate on February 11, 1915. The defendant qualified as his administrator on March 31. The first publication of notice to creditors was on April 3. It directed that creditors should present their claims within ten months thereafter at the office of W. A. Jackson, defendant's attorney, at 358 Phoenix Block, Butte, Montana. On July 23 the plaintiff presented his claim in proper form, in every particular except that it stated that the services had been rendered between April 15 and May 25, in 1915, whereas they had been rendered in the year 1914. The defendant rejected it on July 26, indorsing his rejection thereon, and notified plaintiff of his action by mail on July 28. On October 26 plaintiff again presented the claim in proper form by registered mail. This the defendant rejected the same day, indorsing his rejection thereon, but did not notify the plaintiff of his action. He filed the claim

with the clerk on November 2. On November 5 or 6 plaintiff gained a knowledge of the rejection while examining the files in the clerk's office.

Section 7530 of the Revised Codes is as follows: ''When a [1] claim is rejected either by the executor or administrator, or the judge, the holder must bring suit in the proper court against the executor or administrator within three months after the date of its rejection, if it be then due, or within two months after it becomes due, otherwise the claim shall be forever barred.'' When a claim has once been presented in proper form and rejected, the claimant may not be permitted thereafter to evade the statute by making another presentation founded upon the same transaction, differing from the former only in form and detail. (*Titus* v. *Poole,* 145 N. Y. 414, 40 [2] N. E. 228.) But if a creditor attempts to present his claim for allowance, and for some reason it is not presented in proper form, no valid reason suggests itself why he may not present it again in due form, provided he does so before the time has elapsed in which claims may be presented. (*Westbay* v. *Gray,* 116 Cal. 660, 48 Pac. 800.) It would seem that a second presentation is absolutely necessary in such case to enable the claimant, if it should be rejected, to maintain his action thereon; for unless the claim upon which he founds his action is in proper form, it will be excluded as incompetent when offered in evidence at the trial. The claim presented in July contained an impossible date; hence the presentation was nugatory and plaintiff was at liberty to make the presentation on October 26.

The statute declares that the claimant must bring suit upon [3] his claim ''within three months after the date of its rejection,'' if it is then due. Otherwise, the action must be brought within two months after it becomes due. Upon the face of it, plaintiff's claim was due at the date of its rejection. Therefore the three months expired upon January 24, or seven days before plaintiff commenced his action. (*Kelly* v. *Independent Pub. Co.,* 45 Mont. 127, Ann. Cas. 1913D, 1063, 38 L. R. A.

(n. s.) 1160, 122 Pac. 735.)   The bar of the statute was then complete.

The plaintiff contends that it was incumbent upon the defendant to notify him of the rejection, and that since he neglected to do so, the statute did not begin to run until discovery of the rejection by plaintiff, on November 5 or 6.   Section 7528 declares that when a claim has been presented, the executor or administrator must indorse thereon his allowance or rejection and the day and date thereof.   If he allows the claim, it must be presented to the judge, who must likewise indorse upon it his allowance or rejection, but nowhere is it made the duty of either to give the claimant notice.   If the executor, or the administrator, or the judge, as the case may be, refuses or neglects to indorse the allowance or rejection, such neglect or refusal may, on the tenth day after presentation, be deemed by the claimant as equivalent to a rejection. Action may then be brought.   The provisions of this section, together with those of section 7530, clearly imply that the obligation devolves upon the claimant to make inquiry as to the action which has been taken with reference to his claim and, if it has been rejected, to act accordingly.   For this purpose the statute allows him three months.   This court cannot write into the statute the requirement which the legislature deemed it proper to omit.

The judgment and order are affirmed.

*Affirmed.*

ASSOCIATE JUSTICES HOLLOWAY, HURLY and COOPER concur.