### No. 9724.

THE CHINN LAND & LIVESTOCK CO. v. STEWART.

Decided March 7, 1921.

Proceeding involving the allowance of a claim against the estate of a deceased person. Judgment for claimant.

*Affirmed.*

1. EVIDENCE—*Book Account.* While documents produced on a hearing may not constitute a proper book account, they may be used by a witness to refresh his memory in testifying to the correctness of a claim against an estate.

2.  *Account Stated.* Statements of account sent to a debtor from time to time, though they do not form an account stated, may

be competent evidence and treated as admissions of their correctness where they are retained beyond a reasonable time for making objection to them.

3. PROBATE LAW—*Amendment of Claim.* On the hearing of a claim against an estate, it was proper to permit an amendment of the claim as to credits and changes in small items of account, where such items were a part of the account in litigation and the amendment did not make a different kind of claim from the one originally presented.

4. EVIDENCE—*Exhibits.* Objections, based upon the form of exhibits which do not appear in the abstract, cannot be considered on review.

*Error to the District Court of Delta County, Hon. Thomas J. Black, Judge.*

Mr. M. D. VINCENT, Mr. C. T. VINCENT, for plaintiff in error.

Messrs. STEWART & STONE, for defendant in error.

*Department One.*

MR. JUSTICE TELLER delivered the opinion of the court.

THE plaintiff in error, by stipulation, assumed the defense of a claim filed by defendant in error against the estate of Eliza Chinn, deceased, and on a hearing in the county court, the claimant had judgment. The matter having been appealed to the district court, the claimant again prevailed and the cause is now here on error.

The defendant in the cause offered no evidence. The testimony on the part of the claimant was confined to that of his wife, who was also his bookkeeper. Certain documents were introduced in evidence by him. As counsel correctly state, the question turns on the admissibility of evidence and on the sufficiency of the evidence admitted. There was abundant evidence to support the court's finding, if the same was admissible, and we need not, therefore, consider the first error assigned.

Counsel vigorously contend that the accounts in evidence did not constitute a book-account, and that they were therefore not admissible. That they do not comply with the rule

as to book-accounts, was conceded by counsel for the claimant and the court did not consider them as forming a book of account.

Claimant's wife, who kept the accounts, testified generally to their correctness, and apparently used them in testifying as memoranda from which to refresh her memory.

Counsel urge also that the statements sent by claimant from time to time to Mrs. Chinn did not form an account stated. This may be so, but the trial court was justified, under the authorities, in treating these statements, when retained by Mrs. Chinn beyond a reasonable time for making objection to them, as admissions by her of their correctness. Courts which adhere to strict rules as to accounts stated, admit accounts, not complying with the rules, as admissions under circumstances such as are above stated. We cannot say that the court erred in admitting them.

It is also objected that the claimant ought not to have been permitted to amend his claim. As the claim, however, does not appear in the abstract, we do not know exactly what it was; but from the evidence as abstracted, it appears, not that the claim as such was amended so as to form a different kind of a claim, but that the estate was, by the testimony of claimant's wife, given a credit which had been overlooked, and a few small items of account were changed. This was entirely proper, as all the items were a part of the account in litigation.

There is considerable discussion by counsel for plaintiff in error of the exhibits, but as they are not in the abstract, we are unable to determine any question which depends upon the form of these exhibits.

On the whole, the court appears to have required the claimant to establish his case by competent evidence, and there being no other questions involved than those above mentioned, we are of the opinion that the judgment should be affirmed, and it is so ordered.

Mr. Justice Bailey sitting for Mr. Chief Justice Scott and Mr. Justice Burke concur.