### No. 10,140.

### LEE, ET AL. *v.* CERISE.

#### Decided October 3, 1921.

Action on account for labor and material. Judgment of nonsuit.

#### *Reversed.*

#### On Application for Supersedeas.

1.  TRIAL—*Nonsuit.* It is error to grant a nonsuit where there is sufficient evidence to entitle plaintiff to have the same passed on by the jury.

2.  EVIDENCE—*Statement of Account.* The retention of a full statement of account by a defendant without objection thereto, may be considered an admission against interest.

*Error to the County Court of Montrose County, Hon. S. S. Sherman, Judge.*

Mr. HUGO SELIG, Mr. L. C. KINIKIN, for plaintiffs in error.

Messrs. MOYNIHAN, HUGHES, KNOUS & FAUBER, for defendant in error.

MR. JUSTICE TELLER delivered the opinion of the court.

PLAINTIFFS in error brought suit against the defendant in error to recover on an account for labor and material used in the repair of an automobile belonging to him.

At the close of the evidence the court sustained a motion for a nonsuit, and judgment was entered accordingly. The cause is now here for review; and the principal error alleged is in the sustaining of the motion for a nonsuit. Both parties request that the court determine the case upon the application for supersedeas.

While the evidence on behalf of the plaintiffs was, as the trial court stated, in many respects unsatisfactory, yet we think that there was enough competent testimony by the plaintiff Lee, as to his personal knowledge of the work done and material furnished, as well as by the bookkeeper as to admissions of liability made to him by defendant, to entitle the plaintiffs to have the same passed upon by the jury. It is true that the evidence does not show an account stated; but it does appear that at least two statements of the full account were rendered to the defendant and retained by him without objections. The retention of these bills may be considered as admissions against interest. *Chinn Land & Livestock Co. v. Stewart,* 69 Colo. 598, 196 Pac. 189.

The judgment is accordingly reversed.

MR. JUSTICE BAILEY and MR. JUSTICE ALLEN concur.