STATE ex Rel. STEINFORT, Relatrix, *v.* DISTRICT COURT et al., Respondents.

(No. 8,035.)

(Submitted November 14, 1939. Decided December 4, 1939.)

[97 Pac. (2d) 341.]

*Mr. J. D. Taylor,* for Relatrix, submitted an original and a supplemental brief, and argued the cause orally.

*Mr. R. A. O'Hara* and *Mr. C. E. Pew,* for Respondents, submitted a brief, and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an application for a writ of supervisory control and seeks a reversal of an order of respondent court denying relatrix the right to amend her claim against the estate of John P. Steinfort, deceased.

The important facts are these: John P. Steinfort died on March 17, 1939; Mary A. Steinfort, the widow, was appointed administratrix of the estate; she gave notice to creditors for presentation of claims, the time therefor expiring on August 6. On July 29 relatrix, a sister of deceased residing in Orange City, Iowa, presented to the administratrix a claim for $4,972 based upon two promissory notes dated May 1, 1924, and executed at Donnelly, Minnesota, in the principal sum of $2,660 and $167.13, respectively, and bearing interest at six per cent., payable annually. The notes were payable May 1, 1926, and May 1, 1925, respectively. Copies of the notes were attached to the claim, and it contained the affidavit in statutory form (section 10174, Revised Codes) that the sum claimed "is justly due to claimant; that no payments have been made thereon which are not credited." The claim did not show that any payments had been made on the notes.

It was rejected by the administratrix on the same day as presented; on August 4 relatrix filed an amended claim in the same amount as the original in which the following endorsements appear upon each note:

"Interest pd. to May 1, 1925.

"Interest pd. to May 1, 1927."

It also stated that no payments had been made on the claim which were not credited. The amended claim was also rejected by the administratrix. On September 20 and after the time for the presentation of claims had expired relatrix filed a petition with the respondent court asking leave to file an amendment to her claim. The proposed amendment sought to set out that

the following payments had been made on the claim at the
times indicated, but which had not been endorsed on the notes:

"March 26, 1925, received—                                    $160.00

March 23, 1926, received—                                     135.00

Feb. 15, 1927, received for balance of interest up to

   May 1, 1927

   1931  "                                                100.00

   1932  "                                                100.00

   1933  "                                                100.00

   1934  "                                                100.00

   1935  "                                                 50.00

   1936  "                                                 50.00

May 28, 1937, received                                         50.00"

The proposed amended claim also recites:

"That where the same were known, this claimant has inserted
the month and the day on which the payments were made
in the above schedule; that, however, as to some of the payments,
she has only the record of the total payments made during
a calendar year and has so entered the same. That the last
payment made by the decedent on said notes was on the 28th
day of May, 1939, in the amount of $50.

"3. That all the said payments were taken into account in
computing the amount due upon said claim as originally filed
herein; but this claimant did not know that the dates of the
several payments were material; that her failure to endorse
all of said payments upon said notes was not done with any
intention of avoiding the allowance of credit, but this claimant
regarded the same as unnecessary."

The court, after hearing, denied leave to amend. The court
in its order stated that as to the first two claims filed, "It
clearly appears that both of these claims, on their face, were
barred by the statute of limitations," and were properly re-
jected. The court further stated, "The proposed amendments
show payments on these notes up to May 28th, 1937, and if these
payments had been shown on either one of the two claims re-
jected and filed, they would have avoided the statute of limita-
tions. The amendments are most vital, substantial, in fact,

would have the effect of making a good claim out of a worthless one. Under the authority of the statutes and the Montana case of *State ex rel. Paramount Publix Corp.* v. *District Court et al.,* 90 Mont. 281, 1 Pac. (2d) 335, 76 A. L. R. 1371, it seems that this court has no authority at this time to allow such amendments.''

The case presents the questions whether the court was correct in holding that it had no authority to allow the amendments, and if authority exists should it have been exercised in favor of the right to amend. Defendants, also by motion to quash and answer, have raised the question whether supervisory control is the proper remedy.

The court was in error in holding that it had no authority to allow the amendments. The general rule is stated in the note in 76 A. L. R. 1380, as follows: ''It is generally held that an amendment, after time for filing has expired, of a claim filed against a decedent's estate within time, will be permitted where it effects no substantial change in the claim, nor introduces any new or different claim as the basis of recovery.''

Many cases are there cited in support of the general rule. To the same effect is 24 C. J. 354, and 21 Am. Jur., Executors and Administrators, section 376, page 595. And, after the time for filing claims has expired, an amendment to a claim filed within time will be permitted where the purpose of the amendment is to avoid the effect of the statute of limitations and when the essential grounds of recovery are left substantially unchanged. (*Wise* v. *Outtrim,* 139 Iowa, 192, 117 N. W. 264, 130 Am. St. Rep. 301.) Section 9187, Revised Codes is sufficiently broad to permit such amendments. The case of *State ex rel. Paramount Publix Corp.* v. *District Court,* 90 Mont. 281, 1 Pac. (2d) 335, 76 A. L. R. 1371, is not at variance with what we now hold. That case was by a divided court. As appears from the two opinions in the case, the court divided on the issue as to whether the amendment there involved changed the basis of recovery. The majority of the court held that it did.

It cannot be said that the amendments proposed here change the claim in any essential particular. The balance due on the notes is still the basis of recovery. The amendments simply show facts tending to show that credits already given on the note were paid at such times as to prevent the running of the statute of limitations.

Contention is made by respondents that the amendments if allowed, would, in spite of the statement of relatrix to the contrary, change the amount of the claim, by reducing it. If this be so it would not deprive the court of authority to allow the amendments. They would not change the nature of the claim or the basis of recovery. The claim would still be one based upon the balance due on the notes.

There is some conflict of authority on the point as to whether the amount of the claim can be increased by amendment after the time for presenting claims has expired. *Winchell* v. *Sanger*, 73 Conn. 399, 47 Atl. 706, 66 L. R. A. 935, holds that this cannot be done. The following case holds that it can be done: *Maughan* v. *Burns' Estate*, 64 Vt. 316, 23 Atl. 583. (See, also, *Dubbs* v. *Haworth*, 102 Kan. 603, 171 Pac. 624, and *Bogue* v. *Corwine*, 80 Mo. App. 616.) Whatever the correct view may be as to an increase in the amount claimed, granting to the estate a credit when one has been overlooked or there has been a miscalculation of the amount due and thus reducing the amount of the claim does not change the ground or basis of the claim. (Compare *Chinn Land & Livestock Co.* v. *Stewart*, 69 Colo. 598, 196 Pac. 189.)

Having determined that the court had the power to allow the amendments, we pass to the point as to whether the court should have done so.

Respondents contend that an amendment was unnecessary and that proof as to when the payments were made would have been admissible in a suit on the amended claim as already presented. It may be that such evidence would have been admissible. (Compare *Hurd* v. *Varney*, 83 N. H. 467, 144 Atl. 266.) It is unnecessary to decide that point here. Had relatrix brought action on the amended claim, which was presented on August 4,

she would have been confronted with this situation: She founded her claim upon the notes. They each bore endorsements that interest had been paid to May 1, 1925, and to May 1, 1927. Her amended claim of August 4 contained the affidavit that no payments had been made which were not credited. That claim was in conformity with section 10174. The amendments proposed tend to show that there were credits or payments other than those endorsed on the notes. In a suit on the amended claim of August 4 had evidence been introduced of the credits alleged in the proposed amendments relatrix would have been met with the contention that there was such a variance between the proof and the claim as to amount to a failure of proof within the rule stated in *Vanderpool* v. *Vanderpool,* 48 Mont. 448, 138 Pac. 772, *Brown* v. *Daly,* 33 Mont. 523, 84 Pac. 883, *Harwood* v. *Scott,* 57 Mont. 83, 186 Pac. 693, and *Burnett* v. *Neraal,* 67 Mont. 189, 214 Pac. 955.

Whether the contention would or should have been sustained, if made, need not here be determined. Relatrix had the right to forestall such a contention and should not be forced to assume the chance of either being non-suited or having a favorable judgment reversed by this court. She should be commended for her efforts in attempting to place the exact facts before the administratrix so that when and if suit followed the administratrix would not be taken by surprise on any material matter connected with the claim. It should be said in fairness to the trial judge that he might have allowed the amendments had he believed that he had the right and power to do so. The court should have allowed the amendments to be made.

Respondents suggest that to allow the amendments at this time and to allow relatrix three months after the rejection of the claim as thus amended, within which to file action on the claim, is to wipe out the statutory provisions relating to the presentation of claims and the time within which actions must be brought on rejected claims. We do not so view the matter. When the amendments are made they relate back to the time of the original presentation. (*Davis* v. *Superior Court,* 35 Cal. App. 473, 170 Pac. 437.) The administratrix then must pass

upon the claim as amended. This may be done after the expiration of the time for presenting claims. (Sec. 10176, Rev. Codes.) If rejected as amended, section 10178 governs as to time of commencing action. To be sure the allowance of the amendment in effect renders the action of the administratrix in passing on the claim before the final amendments *functus officio,* but that is true with amendments to pleadings generally and furnishes no reason for not applying the provisions of section 9187, which permits the allowance of amendments in the furtherance of justice at any stage of proceedings subject to limitations therein stated.

On the point that supervisory control does not lie here, little need be said. There is no appeal from the order denying the amendments. Clearly the case is one for use of this extraordinary writ. (Compare *State ex rel. Finley* v. *District Court,* 99 Mont. 200, 43 Pac. (2d) 682.)

The writ will issue commanding respondent court to set aside the order denying and to enter an order permitting the amendment as sought.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES MORRIS, ERICKSON and ARNOLD concur.