STATE ex Rel. FISHER, Relatrix, *v.* DISTRICT COURT
ET AL., RESPONDENTS.

(No. 8,061.)

(Submitted January 9, 1940.   Decided February 8, 1940.)

[99 Pac. (2d) 211.]

*Messrs. Toomey, McFarland & Chapman* and *Mr. Wilbur H. Wood,* for Relatrix, submitted an original and a reply brief; *Mr. John W. Chapman* argued the cause orally.

*Messrs. Lester H. Loble, Hugh R. Adair* and *Melvin E. Magnuson,* for Respondents, submitted an original and a supplemental brief; *Mr. Adair* argued the cause orally.

MR. CHIEF JUSTICE JOHNSON delivered the opinion of the court.

Relatrix Frances T. Fisher filed herein her application and affidavit for a writ of prohibition to prevent the respondents court, judge and clerk from proceeding further in Cause No. 17,734, a divorce action in which Maurice S. Fisher is plaintiff and relatrix is defendant.

It appears from the affidavit in support of the application that on October 7, 1939, the complaint in said divorce action was filed and summons was issued and returned with the sheriff's certificate that he was unable to find the defendant within Lewis and Clark county. On the same day affidavit for publication was filed, order for publication was issued, and the deputy clerk's affidavit of mailing copies of complaint and summons to relatrix was filed.

It further appears from the affidavit that on November 17, 1939, relatrix made a special appearance in the divorce action by affidavit and motion to quash the service of summons, upon the grounds that no valid summons for publication had been issued, and that no proper or sufficient publication had been had in that the four publications were made on Sundays. On December 19, 1939, the motion to quash was denied and defendant given time to appear generally.

With reference to the question of the issuance of summons for publication, the allegations of the affidavit were, not that such summons was not issued, but merely that such summons had

not been returned or filed in the clerk's office, and that it was impossible to ascertain from the court records whether such summons for publication had been issued. However, the fact of the publication of the summons on Sundays was directly set forth, so as to raise the question of the validity of such service. Since at least one substantial question was raised by the application and affidavit which has not heretofore been ruled upon by this court, an alternative writ of prohibition was issued.

Respondents appeared here by motion to quash the writ and also by motion to strike from the affidavit for the writ, both of which were served on the relatrix' attorneys three days before the time set for hearing; and also by an answer which, without waiver of the motions, was filed at the hearing together with three supporting affidavits, one of which, made by the deputy clerk of the district court, showed that the summons for publication was actually issued by him on October 7, 1939, under the seal of the court. The answer also alleged that the summons for publication was so issued on that day after the filing of the affidavit for publication.

At the hearing in this court relatrix filed her motion to strike the three supplemental affidavits. However, it will not be necessary to rule upon the same nor upon the respondents' motions to quash the writ and to strike from the affidavit for the writ, because of the fact that in any event it is necessary to deny the peremptory writ upon the merits.

As noted above, relatrix' allegation is not that a valid summons for publication was not issued, but merely that it has not been returned and that the fact of its issuance does not affirmatively appear from the records and files of the district court. She then seeks to rely upon the statutory presumption that official duty has been duly performed (sec. 10606, subd. 15, Rev. Codes), and the further presumption, which she seeks to base thereon, that therefore no summons for publication was ever issued. On the other hand, also as noted above, the answer affirmatively alleged that summons for publication was actually issued on October 7, 1939.

Section 9854, Revised Codes (made applicable to writs of ▮ prohibition by section 9864), provides that the applicant may contradict the allegations of the answer by proof. However, no proof or offer of proof contra was made by the applicant and the allegation of the answer must accordingly be taken as true. Relatrix' first contention is therefore removed from the case and the only question remaining is with regard to the Sunday publication.

There is no common law directly applicable to the publication ▮ of summons, since such service was unknown to the common law, and is of comparatively recent and strictly statutory origin (50 C. J. 496, sec. 105; 502, sec. 114) and in derogation of (or, more accurately stated, without reference to) the common law. (*Palmer* v. *McMaster*, 8 Mont. 186, 19 Pac. 585.)

Nor is there any direct statutory prohibition against publication of summons on Sunday. Section 9118, Revised Codes, requires the clerk to direct the publication to be made "at least once a week for four successive weeks." It is not necessary to cite the statutory definition: "A week consists of seven consecutive days" (sec. 4280, Rev. Codes), to establish the fact that Sunday is part of a week, and that publication upon four successive Sundays is publication "once a week for four successive weeks." Such publication is therefore valid unless forbidden by some general common law, constitutional or statutory prohibition. The only statute cited by relatrix is section 8850, Revised Codes, which provides that "No court must be open, nor must any judicial business be transacted, on Sunday" (with certain exceptions); "but injunctions, writs of prohibition, and habeas corpus may be issued and *served* on any day." Since the latter provision was added in the 1895 Code it has been assumed that the personal service on Sunday of other process than that named was forbidden as the transaction of judicial business under the maxim "*expressio unius est exclusio alterius.*" Prior to that time personal service of process on Sunday had been held void in Montana under the common law, as the transaction of judicial business. (*Hauswirth* v. *Sullivan*, 6 Mont. 203, 9 Pac. 798.) Later, by way of *dictum* in *Burke* v. *Inter-State S. & L. Assn.*,

25 Mont. 315, 64 Pac. 879, 87 Am. St. Rep. 416, and in *State ex rel. Hay* v. *Alderson,* 49 Mont. 387, 142 Pac. 210, Ann. Cas. 1916B, 39, service of process on Sunday was spoken of as voidable rather than void.

It would be pointless here to discuss the validity of personal service of process on Sunday, under either the common law or the statutes and decisions cited, or to express an opinion whether personal service of process is a judicial rather than merely a ministerial act or business. In any event it seems clear that the act of publication of a newspaper as part of the process of service by publication is not a judicial act, nor to be classified as "judicial business."

In the early California case of *Savings & Loan Soc.* v. *Thompson,* 32 Cal. 347, 11 Pacific States Reports 347, an attack was made upon the service because some of the publications were made on Sunday. The court said: "We do not think this fact vitiates the service on the ground that, under our statute, Sunday is *dies non.* The service is not actual and is not made by a single act."

The same rule is true here, where all of the publications were made on Sunday. Assuming, without holding, that personal service of summons could not have been made upon relatrix on Sunday, the publications on that day are not the equivalent of such service and are not objectionable as such. They are merely a part of the statutory method of broadcasting notice so that the defendant may perhaps receive it; and they are supplemented by the mailing of copies of summons and complaint to defendant, where her place of residence is known. Neither publication nor mailing constitutes service, and the purpose of neither is fully accomplished by the mere act of publication or mailing. The acts merely set in motion one mailed notice and four published notices in the hope that at least one of them will reach the defendant; and publication on Sunday is at least as likely to accomplish that effect as publication on another day, which probably explains why the legislature did not forbid it.

We can find no statutory, constitutional or common law prohibition against the publication of notices on Sunday. The publi-

cation here, like that of the proposed constitutional amendment involved in *State ex rel. Hay* v. *Alderson,* supra, was a purely ministerial act for the purpose of giving public notice to interested parties, and the fact that it gave notice of a judicial proceeding did not convert it into a judicial act or make it the transaction of judicial business.

The application for a peremptory writ is therefore denied and the proceedings dismissed.

ASSOCIATE JUSTICES MORRIS, ARNOLD, ERICKSON and ANGSTMAN concur.