STATE EX REL. STEINFORT, RELATRIX, *v.* DISTRICT
COURT ET AL., RESPONDENTS.

(No. 8,134.)

(Submitted September 23, 1940. Decided December 3, 1940.)

[107 Pac. (2d) 890.]

218

*Messrs. O'Hara, Madeen & Grant* and *Mr. C. E. Pew,* for Relatrix, submitted a brief; *Mr. Pew* argued the cause orally.

*Mr. J. D. Taylor,* for Respondents, submitted a brief, and argued the cause orally.

MR. CHIEF JUSTICE JOHNSON delivered the opinion of the court.

For the second time the matter of the claim of Mary Steinfort against the Estate of John R. Steinfort, deceased, comes before this court on petition for writ of supervisory control or other appropriate writ. On the first occasion, upon the application of Mary Steinfort, a sister of deceased and a claimant against his estate, this court issued a writ directing the district court to permit an amendment of her amended claim after the time for presenting claims had expired. In this proceeding Mary A. Steinfort, the daughter of deceased and administratrix of his estate, seeks a writ directing the district court to annul an order by which after the final amendment it required her "to at once allow or disallow said amended claim of said Mary Steinfort, as in her judgment may appear proper, and file a report of what she does in the premises."

The claimant appeared herein only by demurrer and motion to quash, and no questions of fact are involved.

Claimant has given three versions of her claim, in each of which she demanded $4,972 and interest from about May 1, 1939, although each version disclosed different amounts paid and therefore different amounts still due. Her claim is upon two notes dated May 1, 1924, aggregating $2,827.13 in amount, and due one and two years later, respectively, with interest at the rate of 6 per cent. per annum. The first sworn claim presented and rejected on July 29, 1939, showed no credits, but as fifteen years had passed, the principal and interest, if entirely unpaid, would have aggregated $5,371.55, and the claim for $4,972 indi-

cates a credit of $399.55. The "amended claim," presented, rejected and filed on August 4, 1939, two days before the time for presenting claims expired, shows payment of interest to May 1, 1927, at times not stated; three years' interest amounts to $508.88, which is $109.33 more than shown by the original claim, and would reduce the debt to $4,862.67 as of May 1, 1939, although $4,972 was still demanded. The amendment of the amended claim was first sought to be made on September 20, 1939, more than six weeks after the time for presentation of claims had expired and sets forth certain payments on undisclosed dates in 1931, 1932, 1933, 1934, 1935 and 1936, and on stated dates in 1925, 1926, 1927 and 1937, aggregating $1,058.89, which is $550.01 more than shown by the amended claim, and reduces the debt to $4,312.66 as of May 1, 1939, although $4,972 is still demanded. The first two versions of the claim suggest that it is barred by the statute of limitations, but the final version shows payments which, if proven, would evade the bar.

Claimant's motion for leave to amend her amended claim so as to show these additional payments, was denied by the district court, but on application for writ of supervisory control this court on December 4, 1939, ordered that a peremptory writ issue directing the district court "to set aside the order denying and to enter an order permitting the amendment as sought." (*State ex rel. Steinfort* v. *District Court*, 109 Mont. 410, 97 Pac. (2d) 341, 345.)

No petition for rehearing was filed, but apparently claimant did nothing to give effect to this court's decision until after the administratrix on April 23, 1940, had filed her final account and had it set for hearing. Claimant then on April 26, 1940, obtained a peremptory writ from this court pursuant to its decision of December 4, 1939, and on May 2, 1940, served the writ upon the trial judge. On the same day the latter made an order reading:

"Pursuant to the direction of the Supreme Court, the order made by this court on September 28th, 1939, denying the right of Mary Steinfort to file certain amendments to a claim she had

presented to the above estate, is hereby reversed, and it is ordered that the said claimant be and she is hereby granted the right and authority to amend such claim by adding thereto and thereon, to be endorsed upon the two notes upon which her claim is based the following endorsements, to-wit:

| | |
|---|---|
| March 26, 1925, received | $160.00 |
| March 23, 1926, received | 135.00 |
| Feb. 15, 1927, received for balance of interest up to May 1, 1924 | 213.89 |
| 1931, received | 100.00 |
| 1932 " " | 100.00 |
| 1933 " " | 100.00 |
| 1934 " " | 100.00 |
| 1935 " " | 50.00 |
| 1936 " " | 50.00 |
| May 28, 1937, received | 50.00 |

"Done this 2nd day of May, 1940.

"(Signed)   ALBERT BESANCON

"Judge of the District Court"

Subsequently on June 20, 1940, the district court ordered the administratrix to "at once allow or disallow said amended claim of the said Mary Steinfort," and it is that order against which the application of the administratrix for a writ of supervisory control is now directed.

The sole issue is whether the administratrix can and should be compelled to act again upon the claim as finally amended, and in determining it we must consider the cognate questions of the claimant's right and the administratrix' power and duty.

The proper purpose of probate proceedings is to administer and settle decedents' estates expeditiously and efficiently. It is not the accomplishment but the failure of these purposes which has in the past aroused most of the criticism of probate proceedings. The result has been the enactment by legislatures of probate codes and especially of statutes like sections 10171 and 10173, Revised Codes, providing that creditors' claims must be filed within four months after the first publication of notice to creditors in estates of this size, and absolutely barring claims

not so presented (with two exceptions not here in point); and section 10176, providing that in case of the administrator's failure or refusal to act upon a claim within ten days after its presentation, the claimant has the option to consider the non-action equivalent to a rejection on the tenth day; and section 10178, providing that a rejected claim is barred unless suit is brought within three months after the rejection and filing. As noted above, the original "amended claim" was presented, rejected and filed on August 4, 1939, two days before the time for presentation expired. Three months later, on November 4, 1939, expired the time for filing suit, which was claimant's only recourse for the disallowance. (Sec. 10178, Rev. Codes; *In re Bette's Estate,* 171 Cal. 583, 153 Pac. 949.)

The statutes are mandatory and unambiguous. The administratrix has no power to waive them or to estop herself from setting them up (*Vanderpool* v. *Vanderpool.* 48 Mont. 448, 138 Pac. 772), and the court has no power to waive them or to authorize the administratrix to do so. (*State ex rel. Paramount Publix Corp.* v. *District Court,* 90 Mont. 281, 1 Pac. (2d) 335, 76 A. L. R. 1371, 1377.) This applies not only to the allowance or payment of a claim barred by the non-claim statute or by the general statutes of limitation; it necessarily applies to any other method by which the benefit of the defenses might be lost to the estate, such as the settlement or compromise of an action not filed within the statutory period after rejection, or to a new rejection of a claim after the time has expired, for the purpose of starting the suit period running again. The courts have recognized the fact that these are matters for legislative determination and have not tried to usurp the legislative functions by overruling the statutes even in case of hardship; for every non-claim or limitation statute is a hardship upon those barred by it.

But without assuming to overrule statutes the courts will wherever possible construe them so as to prevent hardship. Thus if a claim has been rejected because insufficiently presented, it has been held that the claimant may again present it in proper form if he acts in time. An instance is the case

of *Lindsay* v. *Hogan,* 56 Mont. 583, 185 Pac. 1118, in which this court said, after quoting the special statute of limitation of actions on rejected claims (now sec. 10178): "When a claim has once been presented in proper form and rejected, the claimant may not be permitted thereafter to evade the statute by making another presentation founded upon the same transaction, differing from the former only in form and detail. (*Titus* v. *Poole,* 145 N. Y. 414, 40 N. E. 228.) But if a creditor attempts to present his claim for allowance, and for some reason it is not presented in proper form, no valid reason suggests itself why he may not present it again in due form, provided he does so before the time has elapsed in which claims may be presented. (*Westbay* v. *Gray,* 116 Cal. 660, 48 Pac. 800.) It would seem that a second presentation is absolutely necessary in such case to enable the claimant, if it should be rejected, to maintain his action thereon; for unless the claim upon which he founds his action is in proper form, it will be excluded as incompetent when offered in evidence at the trial."

And even where the time for presentation of claims has expired the courts have seized upon statutes like section 9187, Revised Codes, authorizing the amendment of "any pleading or proceeding," to permit the amendment of a claim which was filed in time, where the amendment merely indicates that the claim is not barred on its face (*Wise* v. *Outtrim,* 139 Iowa, 192, 117 N. W. 264, 130 Am. St. Rep. 301) or makes some other addition or alteration, provided the essential grounds of recovery are left substantially unchanged in nature, at least where the effect of the change is not to increase the amount of the claim. (*State ex rel. Steinfort* v. *District Court,* supra.) As the California court said in *United States Gypsum Co.* v. *Shaffer,* 7 Cal. (2d) 454, 60 Pac. (2d) 998, 999, with reference to the amendment of a claim which had been presented within the time allowed by statute: "The effect of the order permitting the amendment to be filed was not to extend the statutory period within which claims may be filed." It is well settled that where the requested amendment after time would amount in effect to the presentation of a new or substantially different claim

after time the court has no power to set aside the statute by permitting the amendment. (*State ex rel. Paramount Publix Corp.* v. *District Court,* supra.)

In other words, the presentation of an amended claim within time, under *Lindsay* v. *Hogan,* supra, is based upon the theory that no substantial presentation of the claim had theretofore been made and that the new presentation is therefore the first due presentation thereof. It naturally follows that the new claim should be passed upon by the administratrix and that her rejection and filing of it would for the first time entitle the claimant to sue and would thus start running the three-months statute for filing suit. (Sec. 10178, Rev. Codes.)

On the other hand, all of the authorities indicate, and it is necessarily true, that unless the courts are to usurp legislative functions and overrule the non-claim and limitation statutes, the amendment after time of a claim filed within time is permissible only on the ground that the amendment does not amount to a new claim or to a new presentation of an old one, but is merely an improvement or perfection of a claim substantially presented in time but lacking certain elements necessary to express its full merits. To reach this result it is necessary to hold that the amendment relates back to the original presentation, and that is what has been done. (*State ex rel. Steinfort* v. *District Court,* supra.) Of course it is a fiction that the amendment is made as of the time of the original presentation, but since section 9187 permits amendments only, and no statute authorizes the presentation of an amended claim after the time limited by section 10171, it is necessary, in order to grant any relief under the amendment statute, to indulge the fiction that the amendment relates back to the time of the original presentation—in other words, the fiction that the claim as actually presented included the amendment.

The due presentation of a claim is a condition precedent to ▮ suit. (*Lindsay* v. *Hogan,* supra; *State ex rel. Paramount Publix Corp.* v. *District Court,* supra.) This court said in the latter case: "A condition precedent to recovery on a claim presented to the administratrix, and by her rejected, is that it

must be based on the claim as presented, and cannot give support to any other cause of action.''

The required presentation is necessarily that of the identical claim sued upon; as this court said in *Brown* v. *Daly*, 33 Mont. 523, 84 Pac. 883, 884: ''Within three months after such rejection an action may be commenced to enforce such claim. * * * What claim? It goes without saying that it is the identical claim which was presented; otherwise the law would be a dead letter.'' Otherwise stated, the claim sued upon must be based upon the claim as presented. (*Vanderpool* v. *Vanderpool*, supra; *Ullman Co.* v. *Adler*, 59 Mont. 232, 196 Pac. 157.) The effect of the fiction is that the amended claim is the one which was presented within time. Without this fiction the amended claim cannot be proved upon suit as the identical claim presented and sued upon.

By statute the administratrix is forbidden to allow a claim not presented in time, and her rejection of it will not warrant suit. On the other hand, if it is presented in time, her rejection will warrant suit. Therefore we permit an amendment after time, to correct or complete without materially changing a claim timely filed, and indulge the fiction that the amendment existed when the claim was first filed. But we cannot do that and at the same time consider that the amendment did not exist later on the same day when the claim was denied. If it is deemed amended when presented it must be deemed amended when denied later on the same day. No further denial is therefore necessary. Nor is a further denial proper.

If this were a new claim offered within time in place of an insufficient one, as in *Lindsay* v. *Hogan*, supra, it would require a new action by the administratrix and her denial would start the three-months statute running. But if the further amendment here constituted a new claim, it could not have been filed at all and could justify no action by the administratrix; and since it does not constitute a new claim, but merely an amplification of a claim sufficiently presented within time to be properly before the administratrix, as it must have been to be justified at all, the amendment does not oust her prior action or make it

inapplicable. Certainly if a sufficiently substantial presentation was made to warrant a later amendment, it was sufficiently substantial to warrant action by the administratrix. The original rejection and filing of it on August 4, 1939, was therefore sufficient to warrant suit by the claimant, and from that time the three-months statute began to run. Since it then began to run, the administratrix has no power to renew the period for suit by a new rejection of the claim, for she cannot waive or estop herself from relying upon these statutes, and she cannot do indirectly what she cannot do directly. Having no such power, she cannot be compelled by the court to exercise it.

Nor would the claimant be entitled to such action by the administratrix even had the latter the power to perform it. Obviously the purposes of the non-claim and limitation statutes from the viewpoint of the estate and those interested therein are to require claims to be presented promptly and properly for allowance or rejection and suits to be filed promptly upon rejected claims. Their purposes from the viewpoint of the claimant are to require the claim to be allowed promptly by the administratrix if it is found sufficient and proper, or, if not, to permit claimant upon suit to prove the presentation of the identical claim sued upon.

By reason of her excusable neglect or default, the claimant felt that she had not had the benefit of her rights in those respects and therefore sought and was granted the right to amend her claim in the hope that thus she might remove the administratrix' objection, or that failing in that respect she could upon trial prove in court precisely the same particulars submitted to the administratrix. Her right after the amendment is not to have her claim rejected again, but merely to have it allowed if the amendment changes the administratrix' mind, and if not, to be able to prove her amended claim in court as the claim presented.

Had respondent properly presented her claim in the first instance, its rejection and filing on July 29, 1939, would have given her until October 29, 1939, in which to sue; and since on August 4, 1939, she sufficiently presented her claim to warrant

its amendment after time, its rejection and filing on the same day started the statute running and gave her until November 4, 1939, in which to sue. If she is now entitled to have her amended claim rejected again she will receive not merely that of which she has deprived herself by her excusable neglect, but additional rights not granted to the diligent. Even had respondent proceeded with diligence after the decision of this court on December 4, 1939, she would in that event have gained at least four months additional in which to sue; but by waiting as she did until May 2, 1940, before availing herself of the right granted her to amend, she would gain several months additional. If the new rejection were proper and had been made on June 20, 1940, the day of the district court's order requiring it, claimant would have received until September 20, 1940, in which to sue, nearly a year after the time would admittedly have expired if she had presented the true and full facts on either the first or second attempt.

To grant her this additional time is not merely to restore the rights under the non-claim and limitation statutes which she lost by her neglect, but in addition to give her benefits not enjoyed by the diligent and to destroy the accompanying rights of prompt presentation and suit guaranteed to the estate and those interested therein. There can be no possible authority for so construing the remedial statute as to permit such results and to delay for an additional year the disposition of the claim and the settlement of the estate.

The purpose of remedial acts like section 9187 is not to reward neglect by conferring new or additional benefits upon him who has been guilty of it, nor to grant benefits additional to those enjoyed by the diligent, but merely to save him from the penalty of his own negligence by restoring the ordinary rights he had thereby lost.

Manifestly, claimant could and should have filed, and presumably did file, her suit within the three months after August 4, 1939.

What the claimant lost, therefore, was not the opportunity to sue upon the rejected claim, but merely the opportunity to have the claim allowed upon its entire alleged merits, or if it was necessary to proceed to trial, the opportunity to prove presentation of the exact claim sued upon. What she is entitled to receive by the amendment, therefore, is merely the right to have her claim allowed if the amendment removes the administratrix' doubts, or if not, the right upon trial to prove the amended claim with the amendment ordered meantime.

It may be that the final amendment will satisfy the administratrix; but it will not necessarily do so, since she has now seen three different amounts claimed, each with the sworn affidavit that all credits were shown, and at least two of them necessarily untrue. Unless the final amendment does so change her view of the claim which was presented in time and immediately denied and filed, as now to justify its allowance, certainly no further action by the administratrix is either required or justified. It follows that while she can now, if she chooses, approve the claim in the light of the amendment, she has neither the power nor the duty to reject it again so as to renew the running of the time for suit. And since by her neglect the claimant did not lose her opportunity to sue within the statutory period after the disallowance, and would by a new rejection receive, not relief from the consequences of her neglect, but a reward in the form of extra benefits, not enjoyed by the diligent, the courts have neither the power nor the authority to grant it under the remedial statute permitting amendments to relieve parties from the consequences of their own neglect.

The record does not show whether suit was filed within time, but presumably it was, since neglect of one's rights is not to be presumed. If not, claimant waived her right to file it and this court has not the power to suspend the statute of limitations, for such power is not granted it by the statute authorizing amendments. The amendment may remove the administratrix' objection and cause her now to allow the claim. If not, and if suit has been filed within the statutory period, claimant may upon the trial prove the amended claim as the one timely pre-

sented and rejected. She will therefore have recovered every benefit she lost by her neglect in not presenting a claim showing the full facts before the time for presentation had expired. As for her further neglect, if any, in not suing within the statutory time after the denial of the claim, we have no power under section 9187 or any other statute we have been able to find to afford a remedy.

We have made diligent search but have been able to find no decision or other authority holding that the amendment of a claim after time either permits or requires a new rejection so as again to start running the statute of limitations for filing suit, and thus give the claimant more right than she would have had if reasonably diligent in her own interest.

The statement is made in *State ex rel. Steinfort* v. *District Court,* 109 Mont. 410, 97 Pac. (2d) 341, with reference to claims presented in time, rejected, and ordered amended after time, that the amendment makes the administratrix' rejection *functus officio,* and thus requires her to pass upon the claim as amended, and that upon a rejection of the amended claim section 10178 governs as to time of commencing action. That statement, like the similar statement in *Davis* v. *Superior Court,* 35 Cal. App. 473, 170 Pac. 437, constitutes *obiter dictum,* as it relates to the effect of the amendment and not to the sole question then before the court, whether the amendment should be permitted. It could not have misled the claimant, for the decision was not made until one month after the statutory time for suit had expired after the rejection of her claim on August 4, 1939. All that part of the decision in *State ex rel. Steinfort* v. *District Court,* 109 Mont. 410, 97 Pac. (2d) 341, in conflict herewith is hereby overruled.

Even if a new denial were within the administratrix' powers and duties, and within the claimant's rights upon the ground that it would again start time for suit running, the order in question would seem to be erroneous. If claimant is entitled to force the administratrix to reject the claim again, it is only because upon such new rejection she can sue and because without it she cannot. But if a new rejection permitted

such suit it still would not be necessary, for in that event the claimant could avail herself of the right under section 10176, Revised Codes, to deem the claim rejected by reason of the administratrix' non-action for ten days after the amendment finally became effective, which was on May 2, 1940. When, therefore, on June 20, 1940, she procured the order requiring the administratrix to deny the claim again if she did not wish to approve it, the claimant already had for the 48 days since May 12, 1940, the right to sue upon the claim if a new rejection could have had that effect. It hardly seems that if she neglected to avail herself of that right she could still further profit from her neglect by requiring another rejection, thus further extending the right of suit.

As we have seen, claimant's failure to set forth the alleged payments prior to the denial of her claim on August 4, 1939, did not deprive her of her right to file suit within three months thereafter; it followed, therefore, that the further grant of time to sue was not her right under the remedial statute. But even if her original neglect had had that effect so as to entitle her to relief in the form of further time to sue, it was certainly not the cause of her additional neglect of her assumed rights under section 10176, supra. If she had the right to sue within three months after May 12, 1940, and sued, she is not entitled to another rejection further extending time to sue; and if she had that right and neglected to sue, that is further neglect for which we can give no remedy under the statute permitting amendments.

This is the first case in Montana, and apparently the first anywhere, in which has arisen the question of the extent of claimant's right after such amendment. For that reason the principle of *stare decisis* does not apply. As stated above, this court's *dictum* in *State ex rel. Steinfort* v. *District Court*, 109 Mont. 410, 97 Pac. (2d) 341, could not have misled claimant, because when it was promulgated the statutory time for suit after the rejection and filing of the claim had expired.

The similar *dictum* in the case of *Davis* v. *Superior Court*, 35 Cal. App. 473, 170 Pac. 437, together with the casual refer-

ence to it in the Montana case of *State ex rel. Paramount Publix Corp.* v. *District Court,* supra, should not have misled claimant. But if it did, there is no possible application of the rule of *stare decisis,* for in that event, as shown just prior to this and the preceding paragraph, claimant might have chosen to regard administratrix' non-action for ten days after May 2, 1940, as a rejection; thus, in any event, she had no need and no right to procure on June 20, 1940, or at any other time after May 2, 1940, an order forcing the administratrix to deny the claim again.

The administratrix may not now be either required or permitted again to disallow the final amended claim so as again to start the statute of limitations running.

The writ will issue directing respondent court and judge to set aside the order requiring the administratrix "to at once allow or disallow said amended claim" of respondent, and to enter an order requiring her at her discretion at once either to allow the amended claim or to indicate her election to stand upon her original rejection of the .claim on August 4, 1939.

ASSOCIATE JUSTICES MORRIS and ARNOLD concur.

MR. JUSTICE ANGSTMAN:

I dissent. This proceeding seeks to annul an order of the respondent court directing the relatrix, as administratrix, either to allow or reject a claim against the estate of John P. Steinfort, deceased. The facts necessary to be considered are these: John P. Steinfort died intestate, and relatrix, his widow, was appointed administratrix of his estate. Notice to creditors limited the time for presenting claims to August 6, 1939. Mary Stein- fort, a sister of deceased, on July 29, 1939, presented a claim against the estate. The claim was rejected by the administratrix on the same day it was presented. Thereafter, and on August 4, 1939, an amended claim was presented and it too was rejected. Thereafter, and after the time for presenting claims had expired, the claimant asked leave of court to file further amendments to her claim. The propriety of allowing those

amendments was before this court in *State ex. rel. Steinfort* v. *District Court,* 109 Mont. 410, 97 Pac. (2d) 341. By that opinion we directed the district court to allow the amendments. The return in that case became final on December 20, 1939. No further action was taken with respect to the claim as amended, and in April, 1940, the administratrix filed in the district court her final account. On the hearing of that account on April 23 the claimant filed objections. On May 2 the court entered an order allowing the claimant to amend her claim pursuant to the order of this court, by endorsing certain credits on the notes. On June 20 the district court entered an order directing relatrix to at once allow or disallow the claim. This proceeding followed to annul the order of June 20.

The principal point relied upon by relatrix is that the district court was in error in directing her, as administratrix, to allow or disallow the claim as amended, for the reason that the claim as finally amended was never presented to her as administratrix and, hence, that there was nothing before her upon which she could act.

Further presentation of the claim was entirely unnecessary, and, in fact, we said as much in our former decision. In that case we approved of the proceeding in the case of *Davis* v. *Superior Court,* 35 Cal. App. 473, 170 Pac. 437, 440. In that case the court said: ''We can see no embarrassment likely to arise should the learned trial judge decide that the showing is sufficient to justify his making an order allowing the amendment of the claim prayed for. The amendment should, if allowed, be made to take effect as of the date the claim was presented to the executrix. As thus amended, it may be allowed or rejected, at the discretion of the executrix, and the holder of the claim, if rejected, has his action as provided by the statute in which the merits of the claim may be fully passed upon.''

In our former opinion in this case we said: ''When the amendments are made they relate back to the time of the original presentation. (*Davis* v. *Superior Court,* 35 Cal. App. 473, 170 Pac. 437.) The administratrix then must pass upon the claim as amended.'' From a reading of our entire opinion it will ap-

pear that we allowed the amendments on the theory that they did not change the claim which was originally presented. It is true that as originally presented the claim did not disclose that it was not barred by the statute of limitations. The first amended claim showed that interest had been paid to May 1, 1927. It did not disclose when that interest was paid, and therefore did not disclose that the claim was in fact barred. The case of *Rieckhoff* v. *Woodhull*, 106 Mont. 22, 75 Pac. (2d) 56, illustrates this point. The case was an appropriate one for the administratrix in seeking to act intelligently on the claim to have required "proofs to be produced in support of the claim," as provided under section 10174, Revised Codes, before acting upon it to enable her to determine whether it was barred or not. The effect of the final amendments was to furnish to the administratrix information tending to show that the claim is not in fact barred.

Hence, as we made clear in our former opinion, the claim in question was duly presented to the administratrix within the proper time. The amendments were simply allowed in furtherance of justice so that the merits of the claim might be inquired into in the light of the showing that if the facts stated in the amendments are true, the first amended claim is not in fact barred, as it appeared on its face that there was a possibility that it might have been.

To hold that the claim as finally amended must again be formally presented to the administratrix would be to sacrifice substance for form and encourage the disposition of claims against an estate on technical grounds without regard to their merits. We have resolved against participants in probate proceedings converting the procedure into a game of chess. (*State ex rel. Montana Flour Mills Co.* v. *District Court*, 110 Mont. 65, 99 Pac. (2d) 213.)

The case is analogous to that of *In re Blackman's Estate*, 143 Iowa, 553, 120 N. W. 664, 667, wherein a claim on promissory notes was presented within the statutory time for an aggregate sum of between $4,000 and $5,000. The claimants stated in the claim that they allowed a credit of about $3,300 as proceeds

from a mortgage foreclosure sale. By subsequent court proceedings the mortgage foreclosure was held to be invalid and the sum realized from the sale was turned back into the estate for the benefit of creditors. The court in holding that there was no occasion for refiling the claim said: "There was no occasion for a refiling of such claim after the decision which invalidated the mortgage sale for which they [claimants] desired to give credit. The identity of the claim was not destroyed. Their demand was upon the same promissory notes and overdraft described in their statement filed within the six-months period. The fact and nature of the indebtedness have at all times been fully disclosed, and the question of the alleged credit therein goes only to the amount which may be found due. If the prayer or demand for its allowance has mistakenly stated a sum less than the real amount due, its correction by subsequent amendment or supplemental allegation is not the filing of a new claim, nor does it take the claim out of the list where its original filing placed it." To the same general effect, see *Chariton Nat. Bank* v. *Whicher,* 163 Iowa, 571, 145 N. W. 299.

I think the court was correct in ordering the administratrix either to allow or reject the claim as finally amended.

The majority opinion holds that the court was wrong in directing the administratrix either to allow or reject the claim as amended, and that the most the court should do is to order her either to allow the amended claim or to indicate her wish to stand on her original rejection, and thus cuts off claimants' right to bring an action on the claim as amended if she did not institute such action within three months after the original rejection of the claim. I think the majority opinion is fundamentally wrong, and so much so that able counsel for relatrix never even raised the point either in the briefs or in oral argument.

If that conclusion is sound, then in order for the claimant to protect her rights it was necessary for her to institute action on the claim long before she knew whether it would be allowed or rejected. Such a conclusion makes of our probate statutes a device to entrap creditors and places an unreasonable inter-

pretation upon them. It requires the expenditure of court costs when litigation may be unnecessary.

The majority opinion concedes that when the case was before us the first time, we took a stand different from that now taken by the majority. This they must concede because on the first hearing (109 Mont. 410, 97 Pac. (2d) 341, 344) we said: "When the amendments are made they relate back to the time of the original presentation. (*Davis* v. *Superior Court*, 35 Cal. App. 473, 170 Pac. 437.) The administratrix then must pass upon the claim as amended." No plainer language could have been used. But the majority say that was *dictum*. I think they are in error in so holding. It was contended in that case that we could not allow the amendment sought to be made because it would interfere with the operation of the statutes relating to the time of commencing actions. We stated their contention as follows: "Respondents suggest that to allow the amendments at this time and to allow relatrix three months after the rejection of the claim as thus amended, within which to file action on the claim, is to wipe out the statutory provisions relating to the presentation of claims and the time within which actions must be brought on rejected claims." We then proceeded to hold that the amendments relate back to the time of original presentation and that the administratrix must then pass upon the claim as amended. I do not believe that the holding on this point can be treated as *dictum*.

That which is within the issue, fully argued by counsel and deliberately considered by the court in its opinion, is not *dictum*. (*Helena Power Transmission Co.* v. *Spratt*, 37 Mont. 60, 94 Pac. 631.) And this is true even though the result might have been the same had the point not been decided (15 C. J. 952), and even though the point is only incidentally involved. (21 C. J. S., Courts, sec. 190, p. 314.) As was stated in *Montana Horse Products Co.* v. *Great Northern R. Co.*, 91 Mont. 194, 7 Pac. (2d) 919, 925: "A decision of this court is authority upon the points actually involved, presented and argued by counsel, and passed upon. Accordingly, the language employed in the *Doney Case* above noted is not merely to be considered as *obiter dictum*."

I think the opinion in 109 Mont. 410, 97 Pac. (2d) 341, is not *dictum* and neither is it erroneous. Here the merits of the claim have never been passed upon by the administratrix. The claim is based upon promissory notes alleged to have been executed by the deceased. It was rejected on the erroneous supposition that it was barred by the statute of limitations. Its merits have never been inquired into. To require action to be brought before the claim is passed upon on its merits is to substitute an entirely different procedure for that provided by the legislature. Such an action would be premature. The legislature contemplated that a ruling be made on the merits of the claim by the administratrix before action should be instituted unless the claimant chose to deem it rejected on the 10th day under section 10176. That section gives the claimant the option to deem the claim rejected on the 10th day. It does not require claimant to do so.

Again, if the opinion in 109 Mont. 410, 97 Pac. (2d) 341, is now to be overruled, the new ruling ought not to take effect retroactively. As early as 1931 this court cited with apparent approval the case of *Davis* v. *Superior Court*, 35 Cal. App. 473, 170 Pac. 437, but distinguished the case from that before the court. (*State ex rel. Paramount Publix Corp.* v. *District Court*, 90 Mont. 281, 1 Pac. (2d) 335, 76 A. L. R. 1371.) In the *Davis Case* the court said: "As thus amended, it [referring to the claim] may be allowed or rejected, at the discretion of the executrix, and the holder of the claim, if rejected, has his action as provided by the statute in which the merits of the claim may be fully passed upon." In the face of this language I do not see how the majority can justify the statement made by them that they have been unable to find a case holding that the amendment of a claim after time permits or requires a new rejection.

Claimant here had the right to believe that if the proposed amendment did not introduce a new or different claim, she had the right to institute action after the claim, as finally amended, was acted upon by the administratrix. If the decision in 109 Mont. 410, 97 Pac. (2d) 341, which followed the *Davis Case*, be regarded as erroneous—a point which I do not concede—still it

is the law governing the case, and claimant had a right to rely upon it and the *Davis Case*. To now hold that she could not rely upon those decisions is, in my opinion, working a gross and unjustifiable hardship.

This court has declared against the proposition that a decision overruling a former case should be given a retroactive effect. (*Montana Horse Products Co.* v. *Great Northern R. Co.*, 91 Mont. 194, 7 Pac. (2d) 919; *Continental Supply Co.* v. *Abell*, 95 Mont. 148, 24 Pac. (2d) 133.) Such is the rule generally. (15 C. J. 961; 21 C. J. S., Courts, sec. 194, p. 328, notes 95 and 96.)

The majority opinion attempts to point out some mistake in the mathematical calculations in computing the amount due on the notes. If there be any such mistake, that question is not before us now, and would not be a reason for rejecting the whole claim, or for holding that the administratrix need not consider the claim and either allow or reject it.

I think the district court was right in ordering the administratrix either to approve or reject the claim, and that the writ applied for should be denied and the proceeding dismissed.

MR. JUSTICE ERICKSON: I concur in the above dissenting opinion of Mr. Justice Angstman.