BAKER NATIONAL BANK, Plaintiff and Appellant, *v.* FRANCES S. HENDERSON, Administratrix of the Estate of ELMER S. HENDERSON, Deceased, Defendant and Respondent.

No. 11431.
Submitted Sept. 12, 1968. Decided Oct. 2, 1968.
445 P.2d 574.

Thomas E. Towe (argued), Billings, for appellant.

Gene Huntley (argued), Baker, Hughes & Bennett, Michael J. Hughes (argued), Helena, for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This case comes to us on appeal from a judgment of the district court of the Sixteenth Judicial District, in and for the County of Fallon, granting the defendant's motion for summary judgment. Factually the case developed as follows: Frances Henderson is the administratrix of the estate of her husband Elmer who died in Baker, Montana, on September 25, 1966. Baker, the county seat of Fallon County, was a town of 1,759 citizens before the death of the decedent. The town and county support two financial institutions, one of which is the plaintiff-appellant in this case. While the record does not contain much testimony on the character of the decedent it is clear that he was a man of considerable stature for the appellant made a six-thousand dollar loan to him on a promissory note unsecured. Said note was executed on December 15, 1965, and was due and payable on December 15, 1966. Upon appointment as administratrix of her husband's estate the respondent-defendant proceeded according to statute to publish notice to creditors in the newspaper published in Baker. Such publications occurred on October 10th, 27th, November 3rd and 10th. It should be noted that while the community had two banks it had but one newspaper and this newspaper was the publisher of all legal publications in the county and all obituaries.

Time for the presentation of claims against the estate expired on February 20, 1967, being more than four months after the first publication of notice to creditors. For some unknown reason, unexplained by the record, the appellant bank officials failed to present their claim to the estate until March 25, 1967, some six months after decedent's death, some two and one-half months after the note was due and payable and one month and five days after the time for presentation of claims had expired. Upon this set of facts the district court granted respondent's motion for summary judgment and this Court is requested to reverse the summary judgment.

528

The appellant levels a double barreled attack on the district court's action, arguing:

(1)   That Montana's non-claim statute does not and should not absolutely preclude the filing of untimely claims by residents who have received no actual notice of the time limitations for the filing of claims.

(2)   To the extent that sections 91-2702 and 91-2704, R.C.M. 1947, allow the taking of a person's property from him without notice by either mail or personal delivery when such actual notice can be accomplished with ease and little effort, these sections deny that person his property without due process of law in violation of both the federal and state constitutions.

The two statutes in question are as follows:

"91-2702.   *Time expressed in the notice.* The time expressed in the notice must be four months after its first publication." and

"91-2704.   *Time within which claims against an estate to be presented.* All claims arising upon contracts, whether the same be due, not due, or contingent, must be presented within the time limited in the notice, and any claim not so presented is barred forever; provided, however, that when it is made to appear by the affidavit of the claimant, to the satisfaction of the court or judge, that the clamiant had no notice as provided in this chapter, by reason of being out of the state, it may be presented at any time before an order of distribution is entered; and, provided, further, that nothing in this chapter contained shall be so construed as to prohibit the right, or limit the time, of foreclosure of mortgages upon real property of decedents, whether heretofore or hereafter executed, but every such mortgage may be foreclosed within the time and in the manner prescribed by the provisions of this code, other than those of this chapter, except that no balance of the debt secured by such mortgage remaining unpaid after foreclosure shall be a claim against the estate unless such debt was presented as required by the provisions of this chapter."

■ We find no merit as to appellant's first position. It is inconceivable to this Court that a financial institution in a small community whose officials could not but be well aware of the death of one of their unsecured borrowers whose indebtedness fell due a month and a half before the time expired for filing claims against the estate would now say they are entitled to actual notice above and beyond what the law of this state requires. A claim against the estate of a decedent not presented within the time and in the manner prescribed by statute is barred. Vanderpool v. Vanderpool, 48 Mont. 448, 138 P. 772 (1914) ; In re Rodgers' Estate, 68 Mont. 46, 217 P. 678 (1923) ; State ex rel. Steinfort v. District Court, 111 Mont. 216, 107 P.2d 890; 76 A.L.R. 1371 (1940).

■ The appellant's failure to file its creditor's claim within the statutory period had the effect of barring the claim. Not only was the remedy destroyed, but the right itself wiped out, and the claim ceased to exist. Vanderpool v. Vanderpool, supra.

■ While the appellant's second attack on the judgment of the district court is loaded with numerous decisions and citations of academicians who expound their theories of legal practice in law reviews, it too must fail. To sustain such a position as asked for by the appellant would be to judicially write a new probate code. Any change in the law must come from the legislature. Appellant's position that our code requirements for notice violate constitutional due process requirements as set down in Mullane v. Central Hanover Bank & Trust Co., 339 U. S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950) is without merit. We have carefully examined the cases cited by both parties to this action and join with other states, with non-claim statutes, in holding that the Mullane doctrine is not applicable to probate proceedings. Continental Coffee Co. v. Estate of Clark, Nev., 438 P.2d 818; New York Merchandise Co., Inc. v. Stout, 43 Wash.2d 825, 264 P.2d 863 (1953) ; Chalaby v. Driskell, 237 Or. 245, 390 P.2d 632, 391 P.2d 624 (1964).

The judgment of the district court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES HASWELL, ADAIR and CASTLES, concur.